## J. D. SHEWALTER & CO. *v.* DRURY J. BROWN.

1. TAXES: SALES OF SLAVES, HORSES, ETC., SUBJECT TO COUNTY LEVIES.—Traders in horses, mules, and slaves are liable, under the Revenue Act of 1857, to pay the county levies on the amount of their sales.
2. SAME: COUNTY TAXES NOT COLLECTABLE, WITHOUT ASSESSMENT BY THE BOARD OF POLICE.—A collection of county taxes, on the amount of the sales of slaves, horses, and mules, made before any assessment of the same by the Board of Police, after the passage of the Revenue Act of 1857, is illegal; there must be a legal assessment of the county levies, by the Board of Police, to authorize the sheriff to collect them.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

*John D. Freeman*, for plaintiffs in error.

*Johnston* and *Shelton*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This action was brought by the plaintiffs in error, to recover a certain sum of money, alleged to have been illegally collected of them by the defendant, as tax collector of Hinds county.

The declaration alleges, in substance, that the plaintiffs being engaged in the business of trading in horses, mules, and slaves, in Hinds county, during the months of November and December, 1856, and January, February, and part of March, 1857, sold slaves to the amount of seventy thousand dollars, and on the 2d of February, 1857, the act of the legislature, hereinafter mentioned, taxing such property so sold, was passed; and in virtue of that act, that the defendant, immediately after its passage, required them to pay the sum of $511 87, as taxes due under that act, upon the aforesaid amount of sales of slaves; which demand they refused to comply with, offering, however, to pay three-tenths of one per cent. upon the said amount, as all that could be demanded under the act; but they were compelled, by the defendant, to pay the sum demanded, and now seek to recover it as money illegally collected.

The defendant answered, denying the illegality of the collection, and averring that the sum collected was justly due to the State, or to Hinds county, by the existing revenue laws of the State, and by virtue of the lawful assessment of taxes by the Board of Police of that county, for county purposes.

Upon submission of the case to the court, both upon law and fact, a judgment was rendered for the defendant.

The record contains none of the evidence adduced on the trial of the case, if any was offered; and it appears, that the allegation in the answer, that the collection was made under an assessment legally made by the Board of Police of Hinds county, for the county taxes, is not denied, and under the Act of 1850, in relation to pleadings, it must be taken as admitted.

In such a state of case, the first question which arises is, whether, under the statute in question, the amount of sales of property

mentioned in it, is subject to taxation for county purposes, as well as for the amount required to be paid for the State.

The statute provides, that there shall be assessed and collected, for the support of the government of this State, among other things, "Three-tenths of one per cent. on the amount of all sales of slaves, horses, and mules, sold by any trader or other person keeping and offering the same as merchandise." Act 2d February, 1857, pp. 35, 36.

There can be no doubt, but that the amount of sales in question was liable to taxation as well for county as for State purposes. It is considered as "property subject to State taxes;" and the county taxes are required, by law, to be levied "upon the same persons and property as are subject to State taxes according to the assessment of that year:" Hutch. Code, 708, § 24; and this is done by fixing a certain rate per centum on the State tax, by order of the Board of Police. Ib. 716, Art. 20; *Moore* v. *Foote,* 32 Miss. 469.

But the question arises, were taxes collectable under this statute, at the time they are alleged to have been collected in this case? The act was passed in February, 1857, and the money was collected, as the declaration alleges, *immediately thereafter.* Before the defendant was authorized to collect the tax, it was necessary that there should be an assessment of the rate per cent. by the Board of Police, "upon the persons and property subject to State taxes, *according to the assessment of that year.*" The law required that these assessments should be made on the first Monday of August, in each year, by the Board of Police; and as the act in question was passed in February, 1857, and the money in this case was collected immediately thereafter, it is impossible that, when the collection was made, there could have been any legal assessment of the plaintiffs' property under it, upon which the order of the Board of Police, fixing the rate per cent. for county taxes, could have been predicated. Consequently the collection, in this case, was without legal authority.

Nor is this result obviated by the fact, that the plaintiffs did not deny the allegation of the answer, that the collection was made in virtue of a legal assessment. For we must look to the whole record, and apply the law to the facts as they are presented by the

record; and upon the whole record, it appears that there could not have been an assessment authorizing this collection under the statute in question, at the time the collection was made.

Judgment reversed, and judgment *de novo* for the plaintiffs.