No. 9597.

THE TIPTON FIRE COMPANY ET AL. *v.* BARNHEISEL ET AL.

PLEADING.—*Complaint.—Demurrer.*—A complaint which entitles the plaintiff to some relief is good on demurrer.

CORPORATIONS.—*Rights of Members.—Injunction.*—A corporator whose membership is denied by the corporation may sue to establish his right as such; so, also, he may by injunction restrain the misappropriation of the corporate property.

SAME.—*Parties.*—The corporation is a proper defendant to a suit by a corporator to restrain the illegal appropriation of the corporate property.

SAME.—*Recording Articles of Association.—Statute Construed.*—The act of February 12th, 1855, Acts 1855, p. 226, does not require articles of association of a fire company to be recorded in a book exclusively used as a record of deeds.

SAME.—*Evidence of Corporate Existence.*—In a suit against a corporation and its officers, proof that for many years they acted as a corporation, and so claimed to be, is sufficient evidence of its corporate existence.

SAME.—*Admissions.—Declarations.*—The declarations of the chief executive officer of a corporation, denying the membership of another corporator, are properly evidence against him and the other officers acting with him.

From the Cass Circuit Court.

*M. Winfield* and *Q. A. Myers,* for appellants.

*N. O. Ross, W. T. Wilson* and *G. C. Taber,* for appellees.

ELLIOTT, J.—It is alleged in the complaint of the ap-

pellees that the Tipton Fire Company is a corporation organized under the laws of this State; that Charles B. Knowlton is president, and Paul Taber, William H. Carter and Anthony Grusenmeyer are trustees, of the corporation; that the appellees are members of the company in good standing, and with the persons named and the other parties to the action constitute the company; that the corporation has accumulated and owns property of the value of $5,000; that the purpose for which the company was organized has been accomplished by the abandonment by the city of Logansport of the system of volunteer fire companies, and the substitution of the system of a paid department, and that the corporation continues in existence for the sole purpose of disposing of its property; that the appellants Knowlton, Taber, Carter, Grusenmeyer, Boyer, Brown, Schneeberger, Kirkham, Beard, McTaggert, Six and Carney, have full possession of all the corporate property, and claim to be the sole corporators, and refuse to recognize appellees as members of the corporation; that the persons named threaten to convert the corporate property to their own use, and to deprive the appellees of all interest therein; that some of the defendants are insolvent, and a division of the property would result in the loss to appellees of their rights in the property. An injunction is prayed restraining appellants from excluding appellees from membership and from their rights as members, and it is also prayed that the rights of appellees as members be established; that an accounting be had, and that upon a final dissolution the appellees be allowed their rights as members in the distribution of the corporate assets. To this complaint separate demurrers were filed by the company and by the other appellants.

It is settled law that if a complaint is sufficient to entitle the plaintiff to some relief, it will prevail against a demurrer.

A corporator whose membership is denied has a right to have it established, and may maintain a suit for the purpose of vindicating. that right. Angell & Ames Corp., sections

390, 391; Field Corp., section 142; Morawetz Priv. Corp., section 405.

Injunction will lie at the suit of a corporator to prevent the misappropriation of corporate property. Field Corp., section 398; Morawetz Priv. Corp., sections 381, 401; High Inj., section 767; *Rogers* v. *Lafayette, etc., Works,* 52 Ind. 296.

In equity, the property of a corporation is regarded as belonging to the individual corporators, and they are entitled to have their rights and interests in it protected by equitable relief. Morawetz Priv. Corp., section 403, auth. n.

In actions to restrain the illegal appropriation of corporate property, the corporation is a proper party. Angell & Ames Corp., sec. 391.

The case at bar is plainly distinguishable from *Tomlinson* v. *Bricklayers Union,* 87 Ind. 308, for there the act complained of was that of seceding members; while here the wrongful acts are those of the managing officers. In the case cited the wrong was against the corporation; here it is against the corporators.

The trial court did right in overruling the demurrers to the complaint.

There was no error in permitting the record of the articles of association to be read in evidence, although the book in which the articles of association were recorded was called the " Miscellaneous Record," and was used for the purpose of recording other instruments than such as are strictly deeds of conveyance. It is true that the statute provides that the recorder shall record the articles of association in "the book of record of deeds," but this does not mean that the book shall be one devoted exclusively to the record of deeds conveying property. To so hold would involve us in a palpable self-contradiction, for the recording of such an instrument would at once make the record-book something else than a record of conveyances. The reasonable and just construction of the statute is, that articles of association may be recorded in any public record of the recorder's office, not exclusively devoted to the record of other instruments.

If, however, we are wrong in this conclusion, it is clear that the appellants were not harmed by the admission of the record; for, as against them, it was not necessary to prove a full and regular incorporation. As against corporators, acting as such, and affirming by words or conduct. the existence of a corporation, it is not necessary to prove a regular corporate organization. In this case there was uncontradicted evidence that the company had acted as a corporation for many years; that the appellants had acted as corporators, and had assumed and recognized the corporate existence, and this was as against them, however it might be as to third persons, ample evidence of corporate existence.

The declarations of Knowlton were competent as against himself, and this alone entitled them to admission. But we think these declarations were evidence against his associates, for they were engaged in a joint undertaking—were acting together as officers of the corporation—and the declarations tended to prove a denial of the right of one of the appellees to membership. We do not see how a wrongful denial of membership could be proved more directly than by the declarations of the chief executive officer of the corporation.

It is contended that the appellees are not entitled to maintain this suit because they are honorary and not active members. This contention can not prevail. The appellees were still members of the corporation, with all the rights of membership. The title given them did not change their rights. It appears that an active service of five years entitled corporators to become honorary members; but it does not appear that in thus changing from an active to honorary membership, they surrendered any rights, or lost their position as members of the corporate body.

Judgment affirmed.

Filed Dec. 14, 1883.