McLead v. Applegate, Guardian.

Filed March 10, 1891.

———◆———

No. 14,501.

## McLead v. Applegate, Guardian.

FRAUD.—*Concealment by Attorney of Material Fact.*—If an attorney misleads his client, who is relying upon him, by the fraudulent concealment of material matters or by false statements, the transaction will be annulled by the courts.

PARTITION.—*Collateral Attack.*—A partition sale after it is confirmed can not be collaterally attacked on the ground that the commissioner, who was the attorney of the complaining party, entered into a conspiracy to defraud the plaintiff of his right in the land sold. An independent action to set the sale and transfer aside does not lie.

PLEADING.—*Complaint.—Sufficiency of.*—See opinion for a complaint sufficient to show fraud in a commissioner's sale of land.

From the Hamilton Circuit Court:

McLead v. Applegate, Guardian.

*W. S. Christian*, for appellant.
*W. R. Fertig* and *F. M. Trissal*, for appellee.

ELLIOTT, J.—The complaint alleges that Goldie Rooker and Susie Rooker are the children and only heirs of John and Malinda Rooker, deceased; that the decedents, as tenants by the entireties, owned the undivided one-half of the real estate in controversy, and that William W. Rooker owned the other one undivided half; that John Rooker died before his wife Malinda; that she subsequently married the appellant, McLead, and died in November, 1886; that in November, 1882, William W. Rooker instituted suit for partition against Malinda and her second husband, William J. McLead; that it was therein decreed that the land was not susceptible of division, and a sale was ordered; that a commissioner was appointed, and the land advertised for sale. It is further alleged that a contract was entered into between the commissioner appointed to make the sale and William J. McLead, William W. Rooker and the Ætna Life Insurance Company, wherein it was agreed that McLead should become the purchaser of the interest of William W. Rooker, and pay therefor $5,300; that the insurance company should lend to McLead $5,000, and that he and his wife, formerly Malinda Rooker, should execute a mortgage on all the land to secure the loan, and that the commissioner should report to the court that he had sold all the land for $10,600 to Malinda McLead and her husband. It is also alleged that the commissioner did make the report as agreed; that it was false; that he did not make sale of the land to Malinda McLead; that he executed a deed to her and her husband, William J. McLead, without her knowledge or consent, falsely reciting therein that he had sold the land to her and her husband, and it is further alleged that the deed was reported and confirmed. It is still further alleged that the commissioner was, at the time the partition suit was brought and the proceedings concerning it transacted, an attorney at

law, and, as such, the adviser and attorney of all the parties; that Malinda was an uneducated woman, barely able to read or write; that she did not understand the effect of the agreement, nor know the effect and nature of the transaction concerning it or the deed, but relied wholly upon the advice of the commissioner as her attorney; that the attorney and her husband represented to her that she was only executing a mortgage upon the one-half of the land of which William W. Rooker was the owner, and which her husband had purchased; that it was not the intention of Malinda to mortgage the part of the land owned by her, and that the attorney knew this fact; that for the fraudulent purpose of securing the land for William J. McLead, the attorney concealed from her the fact that her land was put in jeopardy. The prayer of the complaint is that title be quieted in the children of John and Malinda Rooker to two-thirds of the land.

The insurance company obtained judgment on demurrer, and the controversy in this court is between the second husband, McLead, and the guardian of the children of Malinda McLead by her first husband, so that the question is whether the facts stated in the complaint are sufficient to authorize a judgment in favor of the wards of the appellee.

It has long been settled that a complaint is sufficient if the facts pleaded entitle the plaintiff to some relief, although they may not entitle him to all the relief demanded. *Bayless* v. *Glenn*, 72 Ind. 5. The question, therefore, is whether the facts stated in the appellee's complaint entitle him to some relief, and we need not inquire whether they do, or do not, entitle him to all the relief he prays.

The complaint shows that a fraud was practiced upon Malinda McLead, and that it is of such a nature as to deprive her second husband of all interest under the commissioner's deed. Where an attorney, in whom trust and confidence is reposed by a client, misleads the client by false statements or by the fraudulent concealment of material matters, the transaction will be annulled. The rule is very different in cases

where the wrong is that of an attorney from the rule which prevails where the parties meet on equal terms and deal at arm's length. This doctrine is so well settled that it is unnecessary to do more than state it.

Appellant asserts that the fraud was practiced upon the court and not upon the parties, but he is in error in this, for fraud was practiced upon both the court and the parties. The second husband, aided by the commissioner, who was both an officer of the court and the trusted attorney of the parties, obtained a colorable title to his wife's interest in the land without having paid a penny for it. Her heirs have a right, in the appropriate action, to make the wrong-doer respond, although his wrong also constituted a fraud upon the court.

It is contended by the appellant that this action can not be maintained because the title is in the commissioner appointed to make the sale, but the answer to this contention is that the appellant is not in a situation to maintain such a position, for he can not take advantage of his own wrong.

The difficult question presented arises upon the contention that the proceedings in partition can not be collaterally attacked. The appellee's counsel does not discuss this question, but contents himself with affirming that the proceedings are not assailed, and in this he is clearly in error. If the sale stands, there is no title in the wards of the appellee, so that it is necessary to overthrow the sale in order to entitle them to recover. The rule in analogous cases is that a sale can not be collaterally impeached for fraud. Freeman Void Judicial Sales, sections 14, 20; *Jones* v. *Kokomo, etc., Ass'n,* 77 Ind. 340. In this instance there is an order confirming the report and sale, so that there is a judgment, and the case falls within the general rule that a judgment can not be collaterally impeached. That the general rule is that a judgment can not be collaterally impeached for fraud there can be no doubt. *Mannix* v. *State,* 115 Ind. 245, and cases cited; *Weiss* v. *Guerineau,* 109 Ind. 438, and authorities cited; 12

Am. & Eng. Encyc. of Law, 147 *s.* We regret that we are unable to find any reason for excepting this case from the general rule. There can be no doubt upon the facts stated in the complaint that in the proper action the partition proceedings may be annulled. *Nealis* v. *Dicks,* 72 Ind. 374. But we can not see how it is legally possible to quiet title while those proceedings remain in full force.

