Shepardson v. Gillette, Auditor, et al.

---

No. 15,880.

## SHEPARDSON v. GILLETTE, AUDITOR, ET AL.

TAXES.—*Authority to Levy.—Can not be Delegated.—Levy by Unauthorized Officers can not be Ratified.—Common School Revenue.*—Where the statute makes it the duty of a board of school trustees to levy certain taxes for school purposes, such authority, upon a failure of the officers thus authorized to perform their duty, can not be exercised by officers not clothed with legal authority; nor can such authorized officers delegate such power, or ratify the action of unauthorized officers in attempting to make such levy.

SAME.—*Statute Construed.—Clause 19, Section 826, Elliott's Supplement.*—Clause *nineteen*, in section 826 of Elliott's Supplement, authorizing boards of trustees of incorporated towns to levy and collect a tax for the support of the schools in such town is not repugnant to section 1, article 8 of the Constitution, which provides that the General Assembly shall provide for a general and uniform system of common schools, which shall be open to all, and wherein tuition shall be free.

PLEADING. — *Complaint. — Sufficiency of. — Demurrer.* — Where a complaint shows that the plaintiff is entitled to some relief, it is sufficient to withstand a demurrer.

SAME.—*Injunction.— What Bill to Enjoin Placing Levy on Tax Duplicate Must Contain.*—Where an injunction is sought to prevent an auditor from placing a certain tax levy on the tax-duplicate, the bill must embrace only such

items as are wholly illegal and unauthorized by law, or the bill will be dismissed.

From the Lagrange Circuit Court.

*O. L. Ballou,* for appellant.

*J. S. Drake* and *F. D. Merritt,* for appellees.

MILLER, J.—This was an action brought by the appellant against the auditor of Lagrange county, the town of Lagrange, and the school town of Lagrange, to enjoin the placing of certain assessments of taxes for school purposes upon the tax duplicate of Lagrange county.

Demurrers, filed by each of the defendants, were sustained to the complaint, and these rulings present the only questions of law discussed in the briefs of counsel.

The complaint, in addition to the usual allegations showing that the plaintiff is a citizen of the town of Lagrange, whose lands are assessed, avers, in substance, these facts: ·

That the school town was indebted in a large sum of money, and it thereby became and was the duty of the board of school trustees to levy a special school revenue tax on the taxable property of the town of 50 cents on each $100 valuation, to pay the expenses of the school town, except tuition, and a local tax for tuition purposes of 25 cents on each $100 valuation; and, thereby, at the end of three years' time, the indebtedness of the school town could be paid, and the schools of the town maintained. That the board of school trustees disregarding their duty, the board of trustees of the town, on the 3d day of June, 1889, levied a tax of 25 cents on each $100 for the benefit of said tuition fund, which levy is the full extent authorized by law for the purpose of raising revenue for tuition. That said board of trustees, at the same time, unlawfully and wrongfully levied an additional tax of 6 cents on each $100 for the support of town

schools, and 30 cents on each $100 for the benefit of the special school fund. That said defendant school town, by the action of its board of school trustees, by consent or otherwise, have adopted and ratified the action of the defendant town of Lagrange in making said unlawful and wrongful levy of taxes. That the several levies were certified by the clerk of the town of Lagrange to the auditor, who, although notified by the plaintiff that the levy of 6 cents on each $100 of said valuation was unlawfully and wrongfully levied, and is illegal and void, will, unless restrained by this court, place and enter said several levies made by said board of trustees, including the levy of 6 cents on the $100 for the support of the town schools, on the tax duplicate of the county, and the same will thereby become a cloud upon the lands and other property of the plaintiff.

Two distinct questions are presented by the ruling on the demurrers. One relates to the validity of the levies made by the board of trustees of the town of Lagrange, which is said to have been adopted and ratified by the board of school trustees, by consent or otherwise. The other calls in question the constitutionality of a statute.

It is conceded by counsel that the taxes sought to be enjoined, except the one which is claimed to be without constitutional authority, should have been levied by the board of trustees of the school town; that the levy was made by the board of trustees of the civil town who had no grant of power to make it. The question to be determined is, did the adoption and ratification by the school board of such unauthorized levy render it valid and effective?

Taxation is an act of government which can only perform its functions by means of officers clothed by it with power to take the necessary steps to levy and collect the public revenues.

Judge Cooley, in his work on taxation, p. 248, speaking of this delegation of power, says:

"No individual as such, or by virtue of his citizenship, can compel another to perform his duty to the State. He must come clothed with the authority of the State for that purpose, or, in contemplation of law, he comes as a trespasser, whose lawless intrusion may rightfully be resisted and repelled."

In *Union Pacific R. W.* v. *Donnellan*, 2 Wy. 478, an assessment of certain taxes should have been, but was not made by the county assessor; afterward the assessment was made by the county clerk and county commissioners. It was held that these officers acted without authority of law, and that their acts were void, and the collection of the tax was enjoined. The same position was taken in *Libby* v. *Burnham*, 15 Mass. 147; *Shewalter* v. *Brown*, 35 Miss. 423.

In our opinion, the levy made by the town trustees, being wholly without their jurisdiction, was void, and the subsequent adoption and ratification by the trustees of the school town of this unauthorized levy did not impart to it vitality and effectiveness.

It does not appear that the levy made by the trustees of the civil town was made at the request or in behalf of the trustees of the school town. Indeed, we know of no principle of law that would authorize such a delegation of power, and we can not, therefore, see how there could be an adoption or ratification by one board of the acts of the other.

In *Ellison* v. *Jackson Water Co.*, 12 Cal. 542, (551), Fields, J., says, speaking of the term "adopted and ratified": "These terms are properly applicable only to contracts made by a party acting or assuming to act for another. The latter may then adopt or ratify the act of the former, however unauthorized. To adoption and ratification

there must be some relation, actual or assumed, of principal and agent."

In Mechem's Public Officers, section 529, it is said: "It is, therefore, the general rule that one may ratify the previous unauthorized doing by another in his behalf, of any act and of that only which he might then and could still lawfully do himself, and which he might then and could still lawfully delegate to such other to be done."

Had the board of school trustees possessed the power, originally, to delegate to the trustees of the civil town authority to make the levy, then there might be some plausibility in the claim that their action in making the levy was subject to adoption or ratification.

We are satisfied that nothing short of the making of a levy by the body to whom that power has been delegated by legislative enactment will authorize the placing of the same upon the tax duplicate of the county.

This is not a question of regularity or irregularity in the conduct of taxing officers, but is a clear case of the want of power to act at all.

We are unable to agree with counsel for the appellant, in his contention, that the provision contained in Elliott's Sup., section 826, clause *nineteenth*, authorizing the boards of trustees of incorporated towns to levy and collect annual taxes not exceeding thirty cents on the hundred dollars' valuation, on property subject to taxation, for the support of town schools within their corporations is repugnant to article 8, section 1, of the constitution, which directs that the General Assembly shall provide, by law, for a "general and uniform system of common schools, wherein tuition shall be without charge, and equally open to all."

Whatever doubts and uncertainties may have rested upon this question under the rulings of *Greencastle Township* v. *Black*, 5 Ind. 557, and cases following it, have been

set at rest by the case of *Robinson* v. *Schenck*, 102 Ind. 307, which holds that the enactment of laws granting the power to the various local sub-divisions of the State to levy and collect taxes for the support of their public schools, which applies to all local sub-divisions of that class, is a general and uniform system, within the meaning of the constitution.

We are content with the reasoning and the conclusion reached in that case, and regard it as decisive of the objections urged to the act under consideration.

It may not be amiss to say that this enactment has stood upon our statute book for more than thirty years, and we should be disinclined to hold it unconstitutional, were the question an open one, for any but the most cogent reasons.

It follows from what we have said that a portion of the tax levy sought to be enjoined was valid and a portion invalid. It is, ordinarily, a rule of pleading that a demurrer is not well taken to a complaint which shows that the plaintiff is entitled to some relief, although he may not be entitled to all the relief asked. According to this rule of law, the complaint would be sufficient to withstand a demurrer were it not for another and well-settled principle of equity that he who asks equity must do equity. It has been held, under this rule, that in actions to enjoin the collection of taxes the complaint, to be good on demurrer, must show that all taxes rightfully assessed have been paid or payment of the same duly tendered. *Smith* v. *Rude Bros. Mfg. Co.*, 131 Ind. 150; *Hewett* v. *Fenstamaker*, 128 Ind. 315; *City of Logansport* v. *Case*, 124 Ind. 254; *Morrison* v. *Jacoby*, 114 Ind. 84.

This case is to be distinguished from the cases above cited by the fact that here the taxes have not been assessed, and the county treasurer, who alone could receive payment of such taxes, is not made a party to the suit.

The requirement that the plaintiff must do that which

is equitable must apply with as much force in an action brought to prevent the placing of a levy for taxes upon the tax duplicate as in an action to enjoin the collection of taxes already upon the duplicate. If it is inequitable to permit a party litigant to withhold payment of taxes not involved in the litigation, due upon his property, while seeking to enjoin the collection of those in dispute, much more would it be inequitable to tie up, by injunction, an assessment composed of separable items, some of which are valid and others invalid. Equity in such cases requires that the bill embrace only those items which are wholly illegal and unauthorized by law; otherwise the collection of all taxes embraced in the suit might be greatly delayed by litigation which may involve but an insignificant portion of the sum justly due. *Tallassee Mfg. Co.* v. *Spigener*, 49 Ala. 262.

This view is supported by the case of *Pillsbury* v. *Humphrey*, 26 Mich. 245, in which a bill was filed praying that the levy of State, county, and township taxes be restrained, alleging them all to be invalid. Complainant failing to show any illegality in the State and county taxes, the bill was dismissed. The court says in the opinion: "The legal charge will not be enjoined in order to cut off that which may be illegal."

It is not necessary to bring a given case within this rule that the complaint should admit that a portion of the levy is valid, but will be sufficient if the court can see, from the statement made in the bill, that a portion of the tax should be paid. *Bailey* v. *Atlantic, etc., R. R. Co.*, 1 Cent. L. J. 502.

A practice that would enable a tax-payer to bring an action against an auditor, to enjoin the placing of a tax levy upon the tax duplicate, which includes legal with illegal charges, and thus avoid the payment, or tender of payment, of those taxes which he would be compelled to make if the action was against the treasurer, after the

duplicate had been placed in his hands for collection, can not be defended or tolerated.

Interference with the collection of the public revenues has been so prevalent and embarrassing as to induce the law-making power, in many instances, to forbid, absolutely, the granting of writs for that purpose; and now courts usually impose such conditions upon the granting of equitable remedies as to confine the litigation and delay to the collection of those taxes which appear, *prima facie,* to be illegal.

Having found that a portion of the levy included in the bill in this case was a valid exercise of the taxing power, it follows from what has been said that the complaint which sought to enjoin the levy as a whole was subject to demurrer.

Judgment affirmed.

Filed September 14, 1892; petition for rehearing overruled December 20, 1892.