Filed Oct. 20, 1893.

--------◆--------

No. 884.

## Jessup v. Jessup et al.

PLEADING.—*Complaint.*—*Sufficiency of.*—*Demurrer for Want of Facts.*
—Where a complaint states a cause of action entitling the plaintiff to some relief, although not all demanded, it is error to sustain a demurrer thereto for want of sufficient facts.

UNSOUNDNESS OF MIND.—*Petition for Guardian.*—*Parties.*—*Collateral Attack.*—Any person may file a petition to have a person declared of unsound mind and to have a guardian of his person and property appointed. Such petitioner is a party to such proceeding only for the purpose of instituting the proceeding, and such a petitioner need not be made a party in a subsequent proceeding attacking the former judgment of the court therein.

SAME.—*Petition for Guardian.*—*Adversary Proceeding.*—*Process.*—*Production in Court of Defendant.*—*Due Process of Law.*—*Judgment.*—A proceeding to have a person declared of unsound mind and incapable of managing his own estate, and to have a guardian of his person and property appointed, is an adversary proceeding, and the party charged of such incapacity must be either produced in open court during the pendency of the proceeding, or, in default thereof, must be duly served with process, otherwise the court can not acquire jurisdiction of the person, and the judgment will be void as denying to the defendant due process of law.

PLEADING.— Complaint.— Anticipating Defense.— Demurrer.—Where a plaintiff, in his complaint, anticipates a defense, which, if pleaded by the defendant, would be a bar to the action, he must plead facts sufficient to avoid such defense, or the complaint will not withstand a demurrer for want of facts.

From the Greene Circuit Court.

I. H. Fowler, W. A. Pickens, E. H. C. Cavins and A. G. Cavins, for appellant.

E. Short, for appellees.

Ross, J.—The appellant filed her complaint in the court below, alleging, in substance, that she is the wife of the appellee, John W. Jessup, who is a resident of said Greene county, and a person of unsound mind and incapable of managing his own estate, consisting of personal property and real estate of the value of ten thousand dollars. She then avers, that the appellees Frederick L. Jessup and Charlotte Jessup have the charge and custody of said John W. Jessup; that said Frederick L. Jessup is pretending to act as guardian of said John W., as an insane person, by virtue of an appointment from the Greene Circuit Court, which appointment, she avers, is illegal and void, because made without summons, notice, or process of any character whatever having been issued by the clerk of the Greene Circuit Court against said John W. Jessup, or against any person or persons having charge or custody of him; that no summons, notice or process of any character was ever served upon him or upon any person having charge or custody of him; that the record fails to show that any summons, notice, or process of any kind was ever served on him, and that he never had any notice of said proceedings; that he was not present in court, and that the record of said proceedings show that he was not in court, and that he had no notice whatever of said proceedings. It was also averred that said John W. Jessup resided in said county,

and within eight miles of the county seat thereof, at the time said proceedings were instituted and had, and that he could have been produced in court without injury to his health, and that the record of said proceedings does not show that he could not be produced in court. It is also disclosed, by the allegations of the complaint, that the judgment complained of was rendered in September, 1887, and that the appellant did not become the wife of said John W. Jessup until in January, 1889. After alleging that the appellees Frederick L. Jessup and Charlotte Jessup have deprived said John W. Jessup of his property and liberty, she asks that they be required to produce him in court, and that his sanity be inquired into, and, if found to be insane and incapable of managing his estate, that a guardian be appointed, etc.

The complaint is in two paragraphs, the above summary embracing, in substance, all of the material parts of each paragraph.

A demurrer, filed by the appellee Frederick L. Jessup, was sustained to each paragraph of the complaint, and upon this ruling is predicated the errors assigned for review.

We have not been favored with a brief by the appellees, hence are not advised upon what theory the court held the complaint to be insufficient.

The demurrer was addressed to each paragraph, and contained four reasons, namely: First. "That the plaintiff has not the legal capacity to sue." Second. "That neither of said paragraphs states facts sufficient to constitute a good cause of action." Third. "That in each paragraph of the complaint, two causes of action have been improperly joined." Fourth. "That there is in each paragraph of said complaint herein a defect of parties defendant, in this, that Isaiah D. Myers is not a party."

If the complaint stated a cause of action entitling the appellant to some relief, although not all demanded, it was error to sustain the demurrers thereto for want of sufficient facts. *Morgan* v. *Lake Shore, etc., R. W. Co.*, 130 Ind. 101.

The theory of the complaint, judging from its general tenor, is an application under the statute (section 2545, R. S. 1881) to have the sanity of said John W. Jessup inquired into, and if found to be of unsound mind and incapable of managing his own estate, for the appointment of a guardian. Section 2545, *supra*, is as follows: "Whenever any person shall, by statement in writing, represent to the court having probate jurisdiction in any county, that any inhabitant of such county is a person of unsound mind and incapable of managing his own estate, such court shall cause such person to be produced in court, and shall cause an issue to be made by the clerk of such court, denying the facts set forth in such statement; which issue shall be tried by a jury to be impaneled under the direction of said court."

It seems clear, therefore, under this statute, that any person may file the petition; hence, the first cause for demurrer was not well taken.

The facts alleged concerning the appointment of the appellee Frederick L. Jessup, by the Greene Circuit Court, as a guardian of said John W. Jessup, is simply matter in anticipation of defense. While it is not always good or safe pleading, under the code, to anticipate, in a complaint, the defendant's defense, it is often done, and when pleaded and properly avoided, will not weaken the complaint. If a plaintiff anticipates and sets up in his complaint a defense which, if pleaded by the defendant, would be a bar to the action, and he does not also allege facts sufficient to avoid such defense, his complaint will not be sufficient to withstand a demurrer

for want of facts. *Morgan* v. *Lake Shore, etc., R. W. Co., supra.*

Should Isaiah D. Myers, who filed the petition in the proceedings set forth in the complaint, under which the appellee Frederick L. Jessup claimed to be acting, have been a party to this action? We think not. While he was the petitioner, he was not a party to the judgment, and would not be affected by its reversal. But even if he would be affected, he was not a necessary party, for the reason that this action is not to set aside that judgment, but is an independent action in which that judgment is simply anticipated as a defense. This leads to the consideration of the vital question in the case, viz: Are the facts pleaded sufficient to avoid the defense anticipated in the complaint? Counsel very earnestly insist that the facts pleaded show that the judgment of the Greene Circuit Court, appointing Frederick L. Jessup guardian of his coappellee, John W. Jessup, is void for want of jurisdiction.

It is too well settled to require this court to elaborate on the question, that a personal judgment rendered by a court without jurisdiction of the person is an absolute nullity. *Moyer, Guar.,* v. *Bucks,* 2 Ind. App. 571; *Mitchell's Admr.,* v. *Gray,* 18 Ind. 123; *Nicholson* v. *Stephens,* 47 Ind. 185, and cases cited; *State, ex rel.,* v. *Ennis,* 74 Ind. 17; *Cavanaugh* v. *Smith,* 84 Ind. 380.

Jurisdiction over the person of a defendant can be acquired either by service of process, as provided by the statute, or by his voluntary appearance and submission to the jurisdiction. *McCormack* v. *First Nat'l Bank,* 53 Ind. 466; *Paulus* v. *Latta,* 93 Ind. 34.

It is also well settled that a judgment rendered by a court of competent jurisdiction, which judgment, on its face, appears to be regular, may be voidable, but is not

void.   *Earle* v. *Earle*, 91 Ind. 27; *Smith* v. *Hess, Sheriff,* 91 Ind. 424; *Kingman* v. *Paulson,* 126 Ind. 507; *Palmerton* v. *Hoop,* 131 Ind. 23.

When a judgment rendered by a court of general jurisdiction is attacked collaterally, and the record is silent upon the subject of jurisdiction of the person of the defendant, it will be presumed that the court had jurisdiction.   *Bloomfield R. R. Co.* v. *Burress,* 82 Ind. 83; *Cavanaugh* v. *Smith, supra; Cassady* v. *Miller,* 106 Ind. 69; *Nichols* v. *State,* 127 Ind. 406.

The complaint under consideration contains a direct averment that the record of the proceedings adjudging said John W. Jessup to be a person of unsound mind, and appointing the appellee Frederick L. Jessup his guardian, shows "that said John W. Jessup was not present in court and had no notice whatever of said proceedings."   Ordinarily, such an affirmative showing by the record itself would be sufficient to overthrow the judgment.

It is true that in proceedings of this kind the statute makes no direct provision for the issuing and service of a summons on the person whose sanity is to be inquired into, but it does provide that such person shall be produced in court.   While in ordinary actions the issuing of a summons and its service in some one of the ways prescribed by the statute is sufficient to give the court jurisdiction over the person of the defendant, in proceedings like these, extraordinary in their nature, because they affect the liberty of the defendant, jurisdiction is acquired only by his production in court (unless it is established to the satisfaction of the court that his production in court would be injurious to his health), or by his appearance.

In the case of *Fiscus* v. *Turner,* 125 Ind. 46, in construing section 2547, R. S. 1881, which is as follows:

"If the court shall be satisfied that such person, alleged to be of unsound mind, can not, without injury to his health, be produced in court, such personal appearance may be dispensed with," the court says: "We think the object sought to be attained by the enactment of this section was the prevention of frauds in procuring verdicts and judgments of insanity without an actual opportunity to the defendant of being heard. For this reason the law requires that the party charged with being insane shall, if possible, be produced in open court, in order that he may hear and have actual knowledge of what is being done, and may meet the witnesses face to face. As the party charged in such a case may be deprived of his property and of his liberty, it was doubtless thought by the Legislature that it was as important that he should be actually present as it would be if he were charged with a criminal offense."

Proceedings of this nature are not of an *ex parte* character, but are strictly adversary. While it might be contended, with some plausibility, that the proceedings are for the exclusive benefit of the person whose sanity is to be inquired into, the more sensible view is that it is his liberty and property which he is to be deprived of, and should not be taken from him without an opportunity to be heard. To deprive one of either his property or his liberty without an opportunity to be heard would be in strict contravention of the principle that the right to be heard and defended is the foundation stone upon which the stability of our free government stands. That one assailed, either in his person or concerning his property, shall have his day in court and given an opportunity to defend, is a principle of natural justice recognized by all civilized nations of the world, but by none more strictly adhered to than the courts of this country. In fact, the framers of the Constitution of the United States, fearing

that this right might in some manner be abridged or taken away, ingrafted therein that ''No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.''

Any provision of our statute, which would permit one to be deprived of his liberty without due process of law, would be in direct conflict with the Constitution of the United States, and be void.

If we are to construe section 2545, *supra*, as waiving the service of process, which it does, requiring, however, instead thereof, the actual production of the person of the defendant in court; and section 2547, *supra*, as waiving the production of the person of the defendant without the service of process on him, there would be a vesting of jurisdiction over the person without any process whatever. This, we think, to be a strained construction, but think rather that it was obviously the intention of the Legislature to provide that in case the defendant could not be produced in court, without injury to his health, his production should be dispensed with, provided he had been served with process.

In the case of *Martin* v. *Motsinger*, 130 Ind. 555, the court says: ''But, while this is true, and while there may be a valid inquest and judgment in such cases without notice, when the party is present, it is otherwise when he is not present and is not represented by some one authorized to appear for him. While the statute does not in terms provide for notice, the proceedings are of such a character that they can not be *ex parte* and be valid. If the statute was to be construed as authorizing proceedings of an *ex parte* character, it would be, to

that extent, in conflict with the Constitution of the United States, and void."

The proceeding, if successful, results in the deprivation of both liberty and property. The guardian, when appointed, is guardian of both the person and the estate, and, under the constitution, no man can be deprived of either liberty or property without due process of law. He is entitled to his day in court.

A judgment rendered without jurisdiction is absolutely void, and not merely voidable, and a void judgment may be attacked at any time and in any manner.

We think the facts stated in each paragraph of the complaint were sufficient, and the court erred in sustaining the demurrer thereto, for which the judgment must be reversed.

The appellee John W. Jessup having died pending this appeal, the judgment of reversal is entered as of the date of submission.

Filed Oct. 11, 1893.