Filed Jan. 9, 1894.

* * *

No. 1,099.

## Levi v. Hare.

Recovery.—*Entitled to Some Relief, but not All Demanded.—Jurisdiction.*—Where a party is entitled, under the averments of his complaint, to some relief, but not to all demanded, that fact does not debar him from recovering what he is entitled to.

Appellate Court Practice.—*Prejudicial Error.*—Before an appeal can avail anything, the appellant must show affirmatively that some prejudicial error was committed.

From the Hamilton Circuit Court.

*W. Garver, W. S. Christian* and *I. W. Christian,* for appellant.

*T. J. Kane* and *R. K. Kane,* for appellee.

Reinhard, J.—The complaint in this action is in three paragraphs. The first paragraph seeks to foreclose a lien on the "get" of a certain sire for $200, under sections 2839–2843, R. S. 1894, and also to recover a personal judgment for the indebtedness growing out of the services of said sire. The second paragraph is designed to enforce a similar lien and recover a further personal judgment for the services of a different sire for the amount of $100. The third paragraph counts on an ordinary book account for $25, for feeding appellant's mares.

Separate demurrers were addressed to the first and second paragraphs of the complaint, each assigning for cause of demurrer the want of jurisdiction in the court,

and the insufficiency of the paragraph to constitute a cause of action. The demurrers were overruled and exceptions reserved,.and this ruling is assigned as error. Further specifications of error are the overruling of the motion in arrest of judgment, and that the court below had no jurisdiction of the subject-matter of the action.

By these assignments, it is sought to present the question whether the circuit court has jurisdiction to enforce the lien provided for in the sections of the statute above cited. If the question were properly before us, we must concede that it would be one of some difficulty. The statute seems to limit the jurisdiction for the enforcement of this class of statutory liens to the courts of justices of the peace of the township in which the property may be found. Whether the lienor may invoke the general equity powers of the circuit court in such cases, we do not deem it incumbent upon us, at this time, to determine.

Each paragraph of the complaint to which the demurrer was addressed, showed such facts as entitled the appellee to a personal judgment for the services of his stallions. The action was by the owner of the stallions against the owner of the mares, or, in other words, between the parties to the original contract. Had the suit been waged for the foreclosure of the lien only, a different question would be presented. The appellee was entitled, under the averments of the complaint, to some relief, and if he was not entitled to all the relief demanded, that fact would not debar him from recovering what he was entitled to. *McLead* v. *Applegate, Guar.,* 127 Ind. 349.

We think the court had jurisdiction to render a personal judgment.

The overruling of the motion for a new trial is the only remaining error assigned. The insufficiency of the evi-

Levi *v.* Hare.

dence was assigned as a cause for a new trial, but the argument of appellant's counsel is addressed solely to that branch of the evidence tending to establish the lien. If the evidence was sufficient to entitle the appellee to recover a personal judgment, no error was committed in overruling the motion for a new trial.   It is not claimed that the court erred in admitting testimony introduced upon the subject of the lien, nor is it shown that any motion was made to strike out such testimony.   The appellant might also have saved the question by an objection to that portion of the judgment directing a foreclosure of the lien, or by a motion to modify the judgment so as to eliminate from it the part relating to the lien, and by an assignment of error upon the ruling thereon.   In some such way it was incumbent upon the appellant to present the question to this court.   *Bayless* v. *Glenn,* 72 Ind. 5.

Having failed to do this, any error that may have been committed by the trial court upon this point is waived. It is the duty of the appellant to show affirmatively that some prejudicial error was committed.   This he has failed to do.

Judgment affirmed.

Filed Jan. 30, 1894.