Farrell *v.* Lafayette Lumber and Manufacturing Company.

No. 1,417.

## FARRELL *v.* LAFAYETTE LUMBER AND MANUFACTURING COMPANY.

MECHANIC'S LIEN.—*Complaint Insufficient to Enforce Lien, Yet Sufficient as Showing Indebtedness by Defendant to Plaintiff.*—A complaint, although insufficient to enforce a mechanic's lien, for failure to show that the materials were furnished for the particular building under consideration, will be good as against a demurrer for want of facts if it show a personal obligation or indebtedness by the defendant to the plaintiff, for the material furnished.

SAME.—*Insufficiency of Evidence to Support Finding.*—That the evidence does not support the finding that the materials were furnished for the building in question, see opinion.

PLEADING.—*Complaint Sufficient as Against Demurrer, if it Entitles Plaintiff to Some Relief.*—A complaint under which plaintiff is entitled to some relief is sufficient to withstand a demurrer for want of facts, even though the facts averred do not authorize all the judgment demanded by plaintiff.

From the Benton Circuit Court.

*G. H. Gray, J. T. Brown* and *E. G. Hall,* for appellant.
*D. Trayer* and *W. Isham,* for appellee.

GAVIN, J.—The appellee, in his complaint, averred that appellant was indebted to him in a certain sum for materials furnished him and used in a certain house or real estate therein described, which sum was due and unpaid. There are also allegations as to filing notice of a mechanics' lien.

The pleading was not good as a complaint to foreclose the mechanics' lien, because it failed to show that the materials were furnished "for" the building.

It is essential that this fact appear. *Jones* v. *Hall,* 9 Ind. App. 458, and cases there cited.

While not sufficient to entitle appellee to its mechanics' lien it is good upon demurrer, because it appears therefrom that appellant is indebted to appellee for goods furnished.

A complaint under which the plaintiff is entitled to some relief is sufficient to withstand a demurrer for want of facts, even though the facts averred do not authorize all the judgment demanded by him. *Levi* v. *Hare,* 8 Ind. App. 571.

The court found the facts specially. Exceptions to the conclusions of law and the overruling of the motion for new trial are argued here as causes for reversal.

The facts as found show that appellant contracted with one Stokes to furnish all material and erect a building for him on a lot owned by him. In fulfillment of this contract, Stokes purchased the materials sued for which were furnished by appellees for the building, and used in its construction, and notice of lien given in proper time and manner.

Upon these facts appellee was entitled to enforce its lien for the balance due, but it did not show any right to a personal judgment against appellant, which was the only remedy to which it was entitled under its complaint. *Lawton* v. *Case,* 73 Ind. 60; *Crawford* v. *Crockett,* 55 Ind. 220.

We have searched the evidence diligently, and are unable to find any that indicates that the materials were furnished by appellee for the particular building under consideration. If they were simply sold and furnished to Stokes generally, without reference to their use in this particular building, appellee can not enforce the lien. The same rule which requires this fact to be alleged also necessitates its proof. Other errors are urged, but as they are not likely to occur again we will not consider them.

Judgment reversed, with instructions to sustain the motion for new trial, and grant leave to amend the complaint if desired.

Filed March 19, 1895.