# Gowdy Gas Well, Oil and Mineral Water Company et al. *v.* Patterson.

[No. 3,955.   Filed June 4, 1902.]

Appeal and Error.—*Transfer of Cause from Supreme Court.*—*Jurisdiction.*—The Appellate Court being without jurisdiction in mandamus proceedings, it will be presumed that the Supreme Court, in transferring a cause to the Appellate Court in which a stockholder sought to have her rights established in defendant corporation, determined that the proceeding was one of purely equitable jurisdiction, and the cause will be so treated in the Appellate Court. *pp. 262, 263.*

Pleading.—*Corporations.*—In an action by a stockholder of a corporation to determine and enforce her rights, the averment in the complaint that she is the owner of a share of stock in defendant corporation is sufficient without stating the manner in which she acquired the stock. *p. 263.*

Same.—*Demurrer.*—Where the facts stated in a complaint are sufficient to entitle the plaintiff to any substantial relief, it is not subject to demurrer. *p. 263.*

Corporations.—*Stockholder.*—*Estoppel.*—Where a corporation voted plaintiff a share of stock, recognized her as a stockholder, and granted her the rights and privileges of a stockholder, it is not in a position, in an action by such stockholder to enforce her rights as such, to deny the continuance of her rights and privileges, on the ground that the issue of the stock was not in strict compliance with the statute. *pp. 263-268.*

Trial.—*Special Findings.*—Available error can not be predicated upon failure of the court to make a special finding and render judgment upon an issue which was not tendered by the pleadings. *p. 268.*

From Rush Circuit Court; *Douglas Morris,* Judge.

Proceeding by Armilda J. Patterson against the Gowdy Gas Well, Oil and Mineral Water Company and others to enforce her rights as a stockholder. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*B. L. Smith, C. Cambern* and *D. L. Smith,* for appellants.

*J. N. Stevens* and *J. A. Titsworth,* for appellee

WILEY, C. J.—Appellee sued appellants to enjoin them from interfering with her rights as a stockholder in appellant corporation, and to prevent them from shutting off her supply of natural gas. All the appellants, except the Gowdy Gas Well, etc., Co., were officers of said corporation and were made parties by reason of their being such officers. The complaint avers that appellee was a stockholder of the corporation and owned one share of stock of the value of $150; that the company was organized to furnish gas to its stockholders, and the surplus of gas to other persons; that it owned two gas-wells that were producing gas in large quantities; that the stockholders were entitled to gas free of charge in equal amounts; that all of them were being supplied with gas; that appellants are threatening to and will cut off appellee's supply of gas unless restrained. The complaint further avers that appellee is illegally denied the right to attend the stockholders' meetings, and is denied the right to have her share of stock participate in the dividends which have been declared, and to which she is legally entitled. The prayer of the complaint is that she be adjudged a stockholder and member of said corporation, that her rights as such be established, and that appellants be enjoined from cutting off her supply of gas, and from interfering with her rights as a stockholder, etc. To this complaint a demurrer for want of facts was addressed and overruled. The issues were joined by answer and reply. Upon proper request the court made a special finding of facts, and stated conclusions of law thereon. By the conclusions of law the court determined the issues involved in favor of appellee, and rendered judgment accordingly.

The assignment of errors presents three questions: (1) Overruling the demurrer to the complaint; (2) that the court erred in its conclusions of law; and (3) that the court erred in overruling the motion for a new trial. The first objection to the complaint is that it is a proceeding in mandamus, and will not lie. That question was disposed of ad-

versely to appellants' contention by the Supreme Court in transferring the case to this court. This court is without jurisdiction in mandamus proceedings, and we must presume that in transferring the case the Supreme Court determined that it was one of purely equitable jurisdiction. We treat it, therefore, as one seeking injunctive relief. While the action, as disclosed by the complaint, has for its main object injunctive relief, it does not follow that appellee is not entitled to other relief. The complaint states facts which show that she is a member of appellant corporation, and a stockholder therein, and that her membership therein is denied. Under such facts such stockholder or incorporator may sue to establish her rights as such. *Tipton Fire Co.* v. *Barnheisel,* 92 Ind. 88; Angell and Ames on Corp., §§390, 391; Field on Priv. Corp., §142; Morawetz on Priv. Corp., §405; *Brauns* v. *Glesige,* 130 Ind. 167.

It is also suggested that the complaint is bad because it fails to state the manner in which appellee received her stock. This objection is not well grounded. The statement of fact that she owned a share of the stock was sufficient. To have stated the manner in which she acquired the stock would have been stating evidentiary facts, and this is not required in a pleading. Where the facts stated in a complaint are sufficient to entitle the plaintiff to any substantial relief it is not subject to demurrer. *Farrell* v. *Lafayette, etc., Co.,* 12 Ind. App. 326; *Levi* v. *Hare,* 8 Ind. App. 571; *Jessup* v. *Jessup,* 7 Ind. App. 573; *United States, etc., Co.* v. *Harris,* 142 Ind. 226. The demurrer was correctly overruled.

Of the facts found, we state all that are essential as follows: That on June 20, 1898, eleven persons (naming them) duly filed articles of incorporation of the Gowdy Gas Well, Oil and Mineral Water Company. The articles of incorporation are set out in full. That said corporation elected a president, treasurer, secretary, and three trustees; that it never elected a board of directors, nor adopted any

by-laws; that previous to August 17, 1899, the capital stock had not been increased nor diminished, and that none of the stockholders had sold or assigned any share of stock; that said corporation became the owner of one gas-well, capable of furnishing thirty-five fires and which has since been used in supplying gas to its stockholders and five or six other persons; that since the organization of said company, one Hardy, who was one of the original incorporators, has resided with appellee, and by an arrangement between him and appellee, and with the knowledge and consent of appellant company, appellee has had the use of gas for fires furnished free on account of Hardy's right thereto as a stockholder; that previous to August 17, 1899, the said stockholders desired to procure a better supply of gas by drilling another well; that a stockholders' meeting was held on said day, at which eight of the eleven stockholders were present, and a resolution was adopted to drill another well; that, for the purpose of procuring money with which to do the work, a resolution was adopted to issue and sell another share of stock; that at said meeting said Hardy represented appellee, and it was agreed with the stockholders present to issue and sell to her a share of stock for $150 cash, which she agreed to take.

The court found that "there was no time fixed for her to pay the same, nor was there any agreement that she should pay the same in advance of the issue of a stock certificate to her;" that in September, 1899, said Hardy, with the knowledge and consent of the company, transferred his right, as a stockholder to the use of two free gas fires, to a person not a stockholder, and appellee, with the knowledge of the company, had the use of two gas fires on account of her right as a stockholder, and so used them until October 27, 1899; that on September 28, 1899, said company, by its president, tendered to appellee the original articles of incorporation, and requested her to sign the same as a stockholder, and that she did sign and acknowledge them; that on October 27, 1899,

the new gas-well was completed, and afforded as good a supply of gas as the first one; that previous to said last date appellee had attended one meeting of stockholders in the capacity of a stockholder; that on the evening of October 27, 1899, there was a called meeting of the stockholders, which was called by a verbal notice; that appellee was not present, and was not notified of the meeting, but that she had actual knowledge of the meeting two or three hours before it convened; that at said meeting a resolution was adopted to sell the "twelfth" share of stock, ordered issued at the meeting of August 17, 1899, to seven of the original stockholders,— naming them,—and "such others of the company as desired to take part of this twelfth stock;" that appellee had no notice that such action was proposed; that within a week thereafter appellee learned of such action, and inquired of the president and secretary "why she was voted out," and was informed by them that it was because she had not paid for her stock, and thereupon she informed them that she was ready and willing to make such payment, but was informed by the secretary that she was too late; that on November 11, 1899, appellee tendered to the secretary of the appellant company $150 on account of her subscription for said share of stock, which he refused to accept; that no request or demand was ever made upon appellee for the payment of said share of stock accepted by her August 17, 1899; that on Monday succeeding the 27th of October, 1899, appellee had a conversation with some of the stockholders of the company, and stated to them that their action at their meeting October 27th, "in voting her out as a stockholder" was illegal; that thereupon it was proposed that another stockholders' meeting should be called to reconsider the action of October 27th; that she assented to said proposition, and that pursuant to written notice there was a meeting of stockholders held November 4, 1899, at which appellee was present; that there were present eight stockholders, and by a vote of five to three it was declared that appellee was "not voted as a

member of the company;" that on August 17, 1899, before and since, said company kept a stock register, and had previously issued to its stockholders certificates of stock therein; that the name of appellee was never entered on said register, and no certificate of stock was ever issued to her; that said resolution of August 17th, to issue and sell the "twelfth" share of stock was never canceled by appellant company. The court further found that appellants would not, unless otherwise ordered, permit appellee to attend or participate in meetings of the stockholders, nor permit her to use gas for two fires, as a stockholder, free of charge, nor permit her to use any gas furnished by said company on any other terms than those who are not stockholders, nor permit her to exercise any of the rights and privileges, or receive any of the benefits of a stockholder.

As conclusions of law, the court stated that at all times since September 28, 1899, appellee had been a stockholder in appellant company; that since said date she had been and was entitled to all the rights and privileges of a stockholder, entitled to attend and participate in all meetings of stockholders, to use free of charge the same amount of gas as that furnished to other stockholders, and that she is entitled to have such rights enforced by an order of the court. Over appellants' motion for a new trial the court rendered judgment on its conclusions of law in harmony therewith, enjoining appellants from interfering with appellee's rights as a stockholder, etc.

The first objection urged under the exceptions to the conclusions of law is that it is not shown by the special findings that the company, under its articles of incorporation, had any right to increase its capital stock, or issue an additional share; that such issue was unauthorized; that the capital stock was not increased, and the additional share of stock was not issued under any provisions of the statute. At the meeting of the stockholders of August 17, 1899, eight out of eleven members were present, and, so far as the findings

show, all those present voted to issue and sell the additional share of stock to the appellee. It may be conceded that the action of the company, was not in strict compliance with the statute, but it and the appellee, so far as the findings show, were acting in good faith.

The president presented her with the articles of incorporation, and requested her to sign and acknowledge the same as a stockholder, which she did. After that she met with the stockholders as one of them, received the benefits and enjoyed the same privileges as other stockholders, with the full knowledge and consent of the officers of the corporation. Under the facts found, she was entitled to enjoy the rights and privileges of a stockholder, the same as any other stockholder. True, she did not pay anything; neither had the company issued and offered to deliver to her the share of stock that was sold to her. Notwithstanding this, she tendered to the proper officer $150 in payment of her stock. Having voted to her a share of stock, after recognizing her as a stockholder, and after granting to her the rights and privileges of a stockholder, appellants are not now in a position to deny her the continuing rights and privileges as such. The position thus assumed is untenable, and appellants will not be permitted to take advantage of the contract entered into with appellee, for the facts found create an estoppel against them from asserting the irregularity and illegality of their acts.

But there is another matter disclosed by the articles of incorporation that is worthy of notice. Section 9 provides that the "stock of the company to each stockholder shall be $150, and can only be increased to the amount of $200 by a full vote of the stockholders." So the most that was done in this case was to increase the number of stockholders from eleven to twelve, and to issue and sell to the twelfth one share of stock, of the designated value of $150. This was done by the stockholders at a meeting at which eight of them were present and voted. The articles of in-

corporation do not fix or limit the number of stockholders. When it was decided to add another stockholder, it was the duty of the company to provide for the requisite share of stock designated by the articles of incorporation. It is to be presumed that whatever is necessary to be done, if anything, to validate the contract between appellee and appellants will be done by the company.

The facts found disclose beyond any controversy that the officers and other stockholders of the company, recognized the right of the company to issue and sell an additional share of stock; for at the meeting of the stockholders on October 27, 1899, a resolution was adopted to sell the share of stock ordered issued August 17, 1899, to seven of the stockholders "and such others of the company as desired to take part of the twelfth stock." In view of this, it certainly comes in ill grace for the appellants to urge that the issue of the additional share of stock was illegal and unauthorized, for they took steps to purchase it for themselves.

Counsel for appellant have devoted considerable space in their brief in an attack upon the special findings because the court did not find that there was an amount due from appellee to the company and render judgment against her therefor. There was no error in this because no such issue was tendered by the pleadings. The appellant company has its remedy at law against appellee, but it has failed to place itself in a position under the pleadings to avail itself of that remedy in this action.

We do not find any error in the record. Judgment affirmed.