## BARTON ET AL. *v.* BARTON.

### [No. 7,840.    Filed January 30, 1913.]

1.  PLEADING.—*Complaint.*—*Sufficiency.*—*Defects Curable by Motion to Make Specific.*—*Demurrer.*—A complaint is not demurrable for defects that may be reached by a motion to make more specific, and will be held good if it states facts entitling plaintiff to any relief.  p. 321.

2.  PLEADING.—*Complaint.*—*Sufficiency.*—A complaint alleging facts from which it may readily be determined that defendant was the agent of plaintiff in buying and selling real estate, that on account of moneys advanced by plaintiff, interest collected, and profits derived from the sale of real estate, defendant became indebted to plaintiff, that defendant, as attorney in fact for plaintiff, wrongfully and without any consideration, conveyed certain real estate to his wife for the purpose and with the intent to cheat and defraud plaintiff, and which demands an accounting and the setting aside of such conveyance, is sufficient to withstand a demurrer.  p. 321.

From Clinton Circuit Court; *Lee Nash,* Special Judge.

Action by Daniel J. Barton against John D. Barton and another.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*Joseph Claybaugh,* for appellants.

*Thomas M. Ryan* and *James V. Kent,* for appellee.

SHEA, J.—This was an action brought by appellee against appellants for an accounting and to set aside a deed.

The complaint was in one paragraph, to which a demurrer for want of facts was overruled. Appellants answered by a general denial. The cause was submitted to the court for trial. The court found the facts specially, and stated conclusions of law thereon, which are a part of the record. Judgment for appellee.

The ruling of the court in passing on the sufficiency of the complaint is the only error assigned. The complaint charges, in substance, that for a period of fifteen years appellant, John D. Barton, was the agent of appellee, Daniel J. Barton, and during said time he bought and sold real estate and personal property for the latter; that appellee furnished money for that purpose, and said appellant received said sums, and as agent for appellee, used them for the purchase of real estate and other purposes, for appellee's benefit; that during said time appellee advanced to said appellant the sum of $2,000, which sum, with interest thereon, and profits derived from the sale of real estate purchased with the same, is now due and owing to appellee from said appellant; that on April 18, 1908, appellee revoked the agency, and thereafter demanded an accounting, and the amount so due him as interest and profits, which demand was refused by appellant, John D. Barton; that said John D. Barton, as the attorney in fact of appellee, transferred and warranted to his wife, Anna B. Barton, appellant herein, certain real estate described in the complaint, belonging to appellee; that said conveyance was voluntary and without any consideration whatever, and appellee has received no proceeds from the sale thereof. It is prayed that an accounting be had; that the conveyance to Anna Barton be declared fraudulent and void; that a trustee be appointed to reconvey to appellee and that

he have judgment for $3,500, and that said sum be declared a special lien on said real estate.

The complaint is subject to much criticism on account of lack of clear statement, which might readily have been cured in the court below by a motion to make more specific.

1. Appellants failed to resort to that method to cure the evils from which they now seek relief in this court. It is a well-settled principle of law that if the complaint states a cause of action entitling plaintiff to any relief, it will not be obnoxious to a demurrer. *Gowdy Gas Well, etc., Co.* v. *Patterson* (1902), 29 Ind. App. 261, 64 N. E. 485; *Levi* v. *Hare* (1894), 8 Ind. App. 571, 36 N. E. 369; *Jessup* v. *Jessup* (1893), 7 Ind. App. 573, 34 N. E. 1017; *Scott* v. *Cleveland, etc., R. Co.* (1896), 144 Ind. 125, 43 N. E. 133, 32 L. R. A. 154; *United States Sav., etc., Co.* v. *Harris* (1895), 142 Ind. 226, 40 N. E. 1072, 41 N. E. 451; *Shepardson* v. *Gillette* (1892), 133 Ind. 125, 31 N. E. 788; *Coleman* v. *Floyd* (1892), 131 Ind. 330, 31 N. E. 75; *Bennett* v. *Preston* (1861), 17 Ind. 291; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. —, 100 N. E. 675, 102 N. E. 99.

It may readily be determined from the allegations of the complaint that appellant, John D. Barton, was for the period of fifteen years agent for appellee, Daniel J. Barton,

2. and during that time, on account of moneys advanced, interest collected, and profits derived from the sale of real estate, became indebted to appellee in a large sum of money; that during the period of the agency appellant John D. Barton wrongfully, as attorney in fact, conveyed a parcel of real estate, described in the complaint, to his wife, Anna B. Barton, appellant, without any consideration, "for the purpose of cheating plaintiff and with intent to cheat and defraud plaintiff." There is a demand for an accounting, and that the conveyance to Anna B. Barton be set aside and declared fraudulent and void. These allegations were sufficient to withstand a demurrer.

The facts specially found by the trial court show that a correct result was reached on the theory as stated.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 688. See, also, under (1) 31 Cyc. 281; (2) 31 Cyc. 288. As to the doctrine that an agent to sell can not sell to himself, and its application to a sale by him to his wife, see 80 Am. St. 559.