NOVEMBER TERM, 1872. 37

The Columbus, Chicago, and Indiana Central Railway Co. *v.* Powell, Adm'r.

————————◆————————

## THE COLUMBUS, CHICAGO, AND INDIANA CENTRAL RAILWAY COMPANY *v.* POWELL, ADMINISTRATOR.

RAILROAD.—*Negligence.*—The negligence of the conductor of a train of cars, in putting or assisting a person off the cars, is the negligence of the corporation owning or operating the road; and an allegation of such negligence of a conductor was held to be a sufficient charge of negligence against the railroad company.

SAME.—*Consolidation.*—Where two railroad corporations have been consolidated, the consolidated company is liable for the debts of each of the original companies.

SAME.—*Carrier and Passenger.*—A person, who, by mistake, gets on a passenger train, other than the one he intended to take passage upon, is, nevertheless, a passenger upon the train he is on, and the relation of passenger and carrier exists between him and the company.

SAME.—The railroad company may, in such case, charge him for the distance it carries him, and is not bound to stop to allow him to get off, except at a regular station or stopping place.

SAME.—If, however, the train is stopped at any other point, or he is put off without stopping, reasonable and proper diligence must be used in putting him off, and if informed of dimness of vision and feeble condition of the passenger, such care must be used as his condition requires, to prevent injury.

38    SUPREME COURT OF INDIANA.

The Columbus, Chicago, and Indiana Central Railway Co. *v*. Powell, Adm'r.

SAME.—Even when the relation of passenger and carrier does not exist, a railroad company is bound to use some care in putting a person off her cars.

PRACTICE.—*Bill of Exceptions.*—A bill of exceptions is no part of the record, unless the record shows when it was filed.

SAME.—*Instructions.*—A defendant cannot complain that the court refused to give instructions asked by the plaintiff.

SAME.—*Presumption.*—Where the evidence is not in the record, if under any state of the evidence which might have existed, instructions given or refused would have been rightly given or refused, this court will presume in favor of the action of the court below.

SAME.—*Motion for New Trial.*—The action of the court upon a demurrer to pleadings can never be a reason for a new trial.

AGENCY.—*Evidence.—Statements of Agent.—Railroad.*—Evidence of the mere statement of a conductor or agent of a railroad company, that he is such conductor or agent, should not be received as proof of the fact; but one who has control of a train, and exercises the authority of a conductor, may rightfully be presumed to be such, aside from his declarations.

PRACTICE.— *Jury.—Answer to Interrogatories.*—Where a jury has misapprehended an interrogatory propounded to them, and answered the contrary of what they intended, the court, before they have been discharged or allowed to disperse, may send them out again to consider of the matter.

APPEAL from the Cass Common Pleas.

DOWNEY, J.—Two errors are properly assigned by the appellant, the defendant in the common pleas; first, the overruling of the demurrer of the defendant to the amended complaint; and, second, the refusal to grant a new trial on the motion of the defendant.

The complaint in question alleges that, on the 12th day of August, 1866, the Chicago and Great Eastern Railway Company, and the Toledo, Logansport, and Burlington Railway Company were both legally incorporated railway companies, and as such they were common carriers of passengers and freight for hire, and at the time aforesaid they both used the same railway track, running or extending through the city of Logansport, in the county of Cass, and State of Indiana, and the same passenger depot in said city; and plaintiff says that on the day last aforesaid, he went to said passenger depot, intending to take passage on the passenger cars of the Toledo, Logansport, and Burlington Railway Company, but being dim-sighted, by reason of old age and

disease, he, by mistake, got on the passenger car of the Chicago and Great Eastern Railway Company; and very soon after taking his seat, the train, including the car in which he was seated, started, and was, by the servants and agents of said last named company, being run rapidly through said city of Logansport, when the conductor of said train informed him of the train he was on, and made known to him, for the first time, his mistake; whereupon this plaintiff requested said conductor, who then had charge and control of said train, to stop the cars and let him off, but at the same time making known to said conductor his enfeebled condition, resulting from age, disease, and defective eyesight; and then and there also made known to said conductor that he would not attempt to get off unless assistance was afforded him; and with a full knowledge of all these facts, the said conductor then and there caused the speed of said train to slacken, and then and there undertook to place the plaintiff on the ground safely and securely from said car. And the plaintiff, by reason of his several infirmities aforesaid, and the representations of safety and assistance proffered by said conductor, was thereby induced to place himself wholly under the control and management of said conductor, which he did, and being at the time, by reason of his infirmities aforesaid, incapable of judging either of the speed of the train or of the danger in attempting to get off; and the plaintiff says, that by reason of the reckless, negligent, and unskilful acts and conduct of said conductor, he was suffered and permitted to fall from said cars while they were running at an unsafe rate of speed, upon the ground, and without any neglect or fault on his part, and by which fall he was greatly injured by having one of his knee joints dislocated, and one of his thigh bones fractured, and his body greatly injured externally and internally, and by reason of which he was for a long time sick, sore, and lame, and suffered greatly in both body and mind, and still does suffer by reason thereof, and by reason whereof he hath been put to great expense and trouble in trying to heal and cure him-

self, in the sum of two hundred dollars.   And plaintiff says, by reason of the grievances aforesaid, he has suffered damages to the amount of three thousand dollars.   And he further alleges that said Chicago and Great Eastern Railway Company continued to be common carriers of passengers on said railway track  up to about' the 12th day of February, 1868, when it was consolidated with an incorporated railway company known and called the Columbus and Indiana Central Railway Company, and the new consolidated company adopted, took, and used the name and is known as the Columbus, Chicago, and Indiana Central Railway Company, and which last named company is a duly incorporated railroad company, and has duly incurred and assumed to pay all of the liabilities pending against the said Chicago and Great Eastern Railway Company at the time when said consolidation took effect; and by reason thereof the said Columbus, Chicago, and Indiana  Central Railway Company became, and is, justly liable to pay the plaintiff his damages aforesaid, of three thousand dollars.   He therefore prays judgment against said company for that amount and costs, and all other proper relief.

The objections to the complaint made by counsel for the appellant are not very distinctly stated.   But, as we understand them, they are, first, that there is no charge of negligence against the company, except as the conductor of the train is charged to have been negligent; second, that it is shown by the complaint that the plaintiff himself was guilty of negligence, and that therefore he cannot recover; and, third, that the appellant is not liable in consequence of the consolidation of the companies.   We do not think there is anything in these objections.   The negligence of the conductor was the negligence of the company.   Corporations act by their agents.   It is alleged that the injury to the plaintiff was caused "without any neglect or fault on his part," which is sufficient.   Upon the question of the liability of the consolidated company for the debts and torts of the constituent companies, we refer to and follow the ruling of

this court in *The Indianapolis, etc., R. R. Co.* v. *Jones,* 29 Ind. 465. We hold that the complaint was sufficient.

We are of the opinion that, notwithstanding the fact that the deceased got on the train by mistake, the relation of passenger and carrier existed between him and the company. The company might have charged him for the distance which it carried him, and would not, we think, be bound to stop to allow him to get off except at a regular station or stopping place. But if it did stop to put him off, or put him off without stopping, it would be bound to make use of reasonable and proper diligence in putting him off. When, informed of the dimness of vision and enfeebled condition of the deceased, the conductor undertook to put him off, he should have made use of such care as the condition of the deceased required to prevent injury to him. But if we are mistaken in holding that the relation of passenger and carrier existed between the deceased and the company, still the company was under obligation to use some diligence and care in putting him off. Mistakes of this kind frequently occur. They are incident to the business, especially when, as in this case, two or more companies make use of the same passenger depot.

There is no other question relating to the pleadings. The cause was tried by a jury, resulting in a general verdict for the plaintiff for eight hundred dollars, and also answers to certain interrogatories propounded by the court to the jury. A motion for a new trial was made by the defendant, which was overruled, and judgment rendered for the plaintiff for the amount found by the jury. The reasons for a new trial are:

First. The verdict of the jury is not sustained by the evidence.

Second. The verdict of the jury is contrary to law.

Third. The court erred in refusing the instructions to the jury asked by the *plaintiff.*

Fourth. The court erred in giving the instructions asked by the plaintiff.

Fifth. The court erred in the instructions given to the jury at its own instance.

Sixth. The court erred in overruling the defendant's demurrer to the plaintiff's complaint, amended and supplemental complaint.

Seventh. The court erred in admitting the testimony of the witness, Jesse Harding, relative to the statements of the person who said to him that he was the conductor of the train, over the objection of the defendant, and which was excepted to by him.

Eighth. The damages awarded by the jury in favor of the plaintiff are excessive.

An examination of these causes for a new trial, so far as they are properly in the record, will determine the question whether a new trial should have been granted or not.

The question whether the evidence was or was not sufficient to sustain the verdict of the jury cannot be considered by us. The transcript informs us that sixty days were given by the court in which to file the bill of exceptions, but it does not show when the bill of exceptions containing, or professing to contain, the evidence was filed, or that it was ever filed. *Peck* v. *Vankirk*, 15 Ind. 159.

No question is made under the second reason for a new trial.

The defendant cannot complain that the court refused to give the plaintiff's instructions.

This court cannot say that the instructions given by the court, or refused to be given, were not properly given or refused, when it cannot know what evidence was before the jury. If, under any state of the evidence which might have existed, the instructions would have been rightly given or refused, this court must presume in favor of the action of the common pleas. *List* v. *Kortepeter*, 26 Ind. 27, and cases cited. Being governed by this rule, we cannot disturb the judgment on account of any instructions given or refused.

The action of the court upon a demurrer to the pleadings can never be a reason for a new trial. But we have already

disposed of this question, when speaking of the demurrer to the complaint.

The plaintiff testified that when he had got on the wrong train by mistake, and discovered his error, he spoke to a person acting as conductor in the same car with him, and told him he wanted to get off, that he could not see very well, and wanted the train stopped; that this person told him he could help him off, and would do so, took him to the platform, and pushed him off; that no attempt was made to stop the train; that he fell from the platform, had his thigh broken, his knee put out of place, and his head hurt; that he was confined to his bed for eighteen weeks, and had not fully recovered at the time of the trial; that his physician's bill had cost him over two hundred and fifty dollars. The question made here is as to the right of the plaintiff to prove what the person acting as conductor said when asked whether he was conductor or not. The plaintiff testified that he asked him the question, and that he answered that he was the conductor. We are of the opinion that the mere statement of a conductor, or other agent, that he is such should not be received as evidence of the fact, but in this case there was other evidence consisting of the acts of the conductor. On this point we cannot disturb the judgment. One who has control of a train, and exercises the authority of a conductor, may be rightfully presumed to be such, aside from his declarations. This point is not presented by the general bill of exceptions, but by a bill of exceptions which was filed when the ruling occurred.

The evidence not being before us, we cannot say that the damages are excessive.

In another bill of exceptions, it is shown that when the jury returned their verdict and special findings, the defendant moved for judgment on the special findings; but it appearing that the jury had misapprehended one of the interrogatories propounded to them, and answered to the contrary of what they intended, the court sent them out to consider of the matter again, and they afterward came in

with a finding upon that point as they had previously intended. As will be seen by recurring to the reasons for a new trial, this irregularity, if it was an irregularity, was not made a reason for a new trial, and hence is not before us for decision. *Gray* v. *Stiver,* 24 Ind. 174; *Kent* v. *Lawson,* 12 Ind. 675. But we can see no impropriety in the action of the court. Causes should not go off upon a mere mistake or inadvertence. The jury seem not to have dispersed or been discharged by the court.

The judgment is affirmed, with ten per cent. damages and costs.

*E. Walker,* for appellant.

*D. P. Jenkins,* for appellee.