HELEN A. BERRY v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROD COMPANY.

NEW CORPORATION, *When Answerable for Liabilities of Constituent Companies.* Where two or more corporations are consolidated into a new corporation, with a new name, and the old corporations go entirely out of existence, if no arrangements are made respecting the property and liabilities of the corporations that cease to exist concerning the debts and obligations of such corporations, the consolidated or new corporation will be answerable for the liabilities of its constituent companies. In such a case, the new corporation succeeds to all the property of the old corporations, and the debts of the old corporations become by implication the obligations of the new corporation.

### Motion for Rehearing.

THE opinion in *Berry v. K. C. Ft. S. & M. Rld. Co.,* supra, contains a sufficient statement of the facts. The opinion herein was filed May 5, 1894.

*Wallace Pratt, W. C. Perry,* and *Chas. W. Blair,* for the motion.

*E. F. Ware,* contra.

*Per Curiam:* Upon the motion for a rehearing, it is insisted again that on the record the Kansas City, Fort Scott & Memphis Railroad Company is not liable for the wrong complained of, which was committed by the Kansas City, Fort Scott & Gulf Railroad Company before its consolidation with the former company. We did not rest the decision in the original opinion upon the ground that the statute made the

new company liable for the torts of the constituent companies. It was intimated that the statute might be construed as conferring such liability, as both "obligations" and "liabilities" were used. (Gen. Stat. of 1889, ¶ 1268.) It might perhaps have been better to have omitted the comments upon the statute. (Act of February 13, 1865; Laws of 1865, ch. 44; Gen. Stat. of 1889, ¶ 1268.) It was decided, however, that, where two or more railroad companies were consolidated under the statute, the new company is answerable for the obligations of the constituent companies, including torts, in the absence of any arrangement respecting their liabilities. This court did not decide that a consolidated company could not by an express stipulation limit its liability for the debts and torts of its constituent companies. It is doubtful, however, whether the new company can, by express agreement, relieve the property of the old company, which it has obtained by consolidation, from a judgment recovered against the new company by a creditor of the old company.

All of the authorities seem to agree that, "unless the statute or articles of consolidation make express provision therefor, the new corporation assumes all the liabilities of the old ones, *at least in equity*, to the extent of the property received by it from the old corporation." (3 Wood's Rly. Law, § 486.; *Brum v. Insurance Co.*, 16 Fed. Rep. 140; *Railway Co. v. Ham*, 114 U. S. 587.) The foundation of the liability of a consolidated corporation may rest on a statute, or on an agreement, either expressed or implied. If the statute does not provide that the new company shall assume the debts and liabilities of the constituent companies, and there is no express agreement respecting the same, the debts of the original companies follow as an incident of the consolidation, and become by implication the obligations of the new corporation. (*Railroad Co. v. Powell*, 40 Ind. 37; *Railroad Co. v. Hendrick*, 41 id. 48; *Railway Co. v. Boney*, 117 id. 501; *Railroad Co. v. Shirley*, 54 Tex. 125.) In the latter case it was said: "If neither statute nor

New corporation, when answerable for liabilities of constituent companies.

agreement make mention of creditors, the consolidated corporation is held to have assumed the liabilities of its constituents."

Jones on Railroad Securities (2d ed.), in his note to § 364 quotes the following, from *Railway Co. v. Boney*, supra:

"The rule which the authorities support seems to be, that where one corporation goes entirely out of existence by being incorporated into another, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the corporation into which it is merged will succeed to all its property and be answerable for all its liabilities."

In the Whipple case, 28 Kas. 474, the railway company, in its defense, offered in evidence the articles of consolidation, and these articles showed that the company did not assume any of the debts or liabilities of the constituent companies, but that the corporate existence of the companies was preserved for the purpose of adjusting all claims and demands. If, upon the trial of this case, the railroad company had offered in its defense its articles of consolidation on file in the public records of the office of the secretary of state, it would have been shown that the articles expressly provided that the new company should "pay, perform and discharge all the debts, duties, contracts and obligations of every description of each of its several constituent corporations."

It is further insisted, that this court ought not to have directed judgment upon the special findings and the general verdict returned in the first instance by the jury. In support of this, it is urged that the verdict and special findings were not received or recorded, and, therefore, were without force or validity; further, that the railroad company, if judgment be entered, will be prevented from having a review of the errors of law occurring upon the trial. Other reasons are also assigned.

It is unnecessary to repeat the portions of the record contained in the former opinion. After the general verdict and

special findings had been returned by the jury, the railroad company made the following motion:

"And now that the jury has brought in a general verdict for the plaintiff, together with answers to certain questions propounded by the plaintiff's counsel, the defendant asks the court to instruct and require the jury to bring in a general verdict in favor of the defendant, upon the unquestioned law of the case."

The trial court granted the motion, and, under the direction of the court, the jury then returned a verdict for the defendant. The motion of the railroad company refers to the first verdict and answers brought in by the jury, and it is the fair inference from its motion and other parts of the record that the railroad company asked the court, upon the special findings, to instruct the jury for a verdict in its favor. The plaintiff below demanded judgment upon the special findings in her favor. This was refused. .

Although it is recited in one place in the record "that the court declined to receive the first verdict and special findings," yet the whole record must be considered together. The motion filed by the railroad company, and other recitations of the record, show that the jury actually returned this verdict and the special findings. They not only passed beyond the control of the jury, but were regularly presented to the court, were filed by the order of the court, and entered of record, and therefore were actually received and recorded in the court. The former opinion will be corrected in this respect. A verdict which is not delivered is one which remains within the control of the jury. But these verdicts were delivered, and the trial court evidently considered the findings of fact unfavorable, as a matter of law, to the plaintiff below, and therefore did not render judgment in her favor. The first verdicts were not received in the sense only that judgment was not duly entered thereon. In *Bishop v. Mugler*, 33 Kas. 145, the jury separated without the consent of the justice of the peace, and the full jury were not present when the verdict was presented. The justice refused in that case to file the

verdict.   The statute expressly provides that, in cases decided by this court, when the facts are agreed to by the parties, or found by the court below, or a referee, and when it does not appear, by exception or otherwise, that such findings are against the facts in the case, this court shall direct the trial court to render such judgment in the premises as it should have rendered on the facts agreed to or found in the case. (Civil Code, § 559.)   Whether the findings of the trial court are made with or without the consent of the parties, this court, upon review, directs what judgment should have been rendered, if the findings are not excepted to as contrary to the evidence.   When the special findings of fact are inconsistent with the general verdict, the former control the latter, and the court will give judgment accordingly. (Civil Code, § 287.) Therefore, where special findings are returned by the jury under the direction of the trial court, the judgment may be rendered upon the findings, if they are not excepted to as against the facts.   The general verdict and special findings first returned show the facts found in the case.   The special findings of fact were permitted to be found by the jury to avoid another expensive trial, so that upon the review of the case this court might have the whole facts in its possession. Cases are often brought to this court solely upon the facts found by the jury or the court, each party claiming judgment in his favor upon the findings.   Parties in some cases prefer this mode of review rather than to have a new trial.   In neg- ligence cases especially, this practice is not infrequent.

The trial court decided that the law was with the railroad company.   Upon the findings of fact, this court directed the trial court to render the judgment it ought to have rendered. If the company had excepted to the findings as against the facts, a question different from the one presented would be in the case.   No such exceptions are in the record.   The trial judge, when he decided to submit special questions to the jury, notified the parties that this was done "that the whole facts of the case might go to the supreme court," and at the close of the trial again notified the parties to the same effect, when

he directed the general verdict and special findings first re-
turned "to be filed, in order that the whole proceedings might
appear on the record." With all of this notice, no exceptions
were filed by either party to the special findings as against
the facts.

We are satisfied with the opinion as handed down, except
as to the matters referred to, and the motion for a rehearing
will be denied.