Scott *v.* Cleveland, Cincinnati, Chicago and St. Louis Railway Co.

Filed March 4, 1896.

---

No. 17,590.

SCOTT *v.* CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY CO.

PLEADING.—*Complaint.—Theory.*—The want of a theory does not make a complaint demurrable if it states sufficient facts to constitute a cause of action.

SAME.—*Complaint.—Railroad.— Damages to Passenger.*—Averments that a conductor negligently and carelessly mistreated a passenger in carrying her beyond her destination and in stopping at a distance from the depot and roughly ordering and forcing her to get off, are not sufficient to constitute a cause of action, where it is not alleged that she had conformed to the rules of the company and had paid her fare, or offered to do so.

SAME.—*Complaint.—Railroad.—Damages to Passenger.*—Averments that a carrier's servants carelessly and negligently cause a passenger to enter a train for which she had a ticket given her by mistake, without averment of their knowledge that she did not desire to take passage on the train indicated by the ticket she held, do not constitute a cause of action against the carrier.

RAILROAD.—*Passenger.— Ticket Agent.— Breach of Duty.— Union Depot.*—A railroad company whose ticket is given by mistake to a passenger in lieu of a ticket of another company which was called for, where it was bought in a union depot, of an agent who had authority to sell tickets for both companies, is not liable for the agent's mistake, since the breach of duty is that of the company whose ticket was desired.

From the Putnam Circuit Court.

*J. R. East*, *R. G. Miller*, *C. C. Matson* and *S. E. Matson*, for appellant.

*B. K. Elliott* and *W. F. Elliott*, for appellee.

McCABE, J.—The appellant sued the appellee for damages suffered by her on account of the alleged negligence of the defendant.

The circuit court sustained a several demurrer to both paragraphs of the complaint, for want of sufficient facts. The appellant refusing to amend or plead further, the appellee had judgment, upon demurrer, that plaintiff take nothing by her suit.

The error assigned is upon the ruling upon the demurrer.

The substance of the first paragraph of the complaint is as follows: That on June 20, 1893, appellant resided at Bloomington, Indiana, on the Louisville, New Albany & Chicago Railway, about forty miles south of Greencastle Junction on said road where the Terre Haute & Indianapolis Railroad, commonly known as the Vandalia, crosses the former; that about one mile and a half east of said junction was what was known as the Greencastle South Depot, at both of which points all passenger trains on said Vandalia stop and let off and take on passengers; that appellant had frequently traveled from said Bloomington to Indianapolis, Indiana, by the way of said Vandalia railroad, and knew that all passenger trains on said road stopped at each of said points; that on said day, at about 11 o'clock p. m., appellant being at the Union Depot in Indianapolis and wholly unacquainted with appellee's road or the stops made thereon, and desiring to return to Bloomington by way of said Vandalia, and by way of said Greencastle Junction, she applied to an agent in said

depot for a ticket over the Vandalia to Bloomington, which agent was duly authorized to sell tickets for all roads leading out of Indianapolis from said station, among which were the appellee's and the said Vandalia, though she had no knowledge of his authority to sell tickets for the appellee; that said agent negligently and. carelessly gave her a ticket for $1.85 over and by way of appellee's road, which did not pass by said Greencastle Junction, but did pass at what is known as the North Depot at Greencastle, Indiana, but made no stop east thereof after leaving Indianapolis; that the amount paid was the usual fare rates from Indianapolis to Greencastle over both roads; that after she had so purchased said ticket the appellee's agents and servants further carelessly and negligently caused her to enter one of the defendant's passenger trains then about to move west, and relying on the directions so given, and relying on the further fact that the agent so selling said ticket had given her a ticket over the said Vandalia, and believing she was then entering the train of the latter company, she entered said car and not otherwise; that said train immediately departed, and in about an hour thereafter defendant's servants announced the station of Greencastle, and believing she was on said Vandalia railroad, and knowing if she was she could not change to the Louisville, etc., railway until she reached said Greencastle Junction, a mile and a half west thereof, and appellee's servants further negligently failing to notify her that she had reached the crossing of said Louisville, etc., railway, she remained on said train, when she was taken to the city of Terre Haute, Indiana, and put off said train in the night, in the mud and cinders, more than a half mile away from any depot without any one to protect, guide or direct her to a depot or hotel, and where, by

reason of such negligence she was compelled to remain for the space of twelve hours, during which time she was greatly frightened, annoyed and humiliated, took cold and suffered six months and was compelled to expend $20 for medical attendance; that at the time she purchased said ticket she was sixty-five years old, crippled in her limbs, enfeebled in eyesight and was unable to read the ticket handed her by said agent, and had no knowledge that said ticket was for passage over defendant's said railroad, and without fault in the purchase of said ticket; that she received her injuries aforesaid solely on account of the carelessness and negligence of the defendant and without any fault on her part, to her damage $5,000.00, for which she demands judgment.

The second paragraph differs in no material respect from the first, except that in the second it is alleged in addition to the facts averred in the first that she made inquiries while at said Greencastle as to what the distance was to the junction, but could obtain no information thereon, and that the conductor, with full knowledge of the facts herein set forth, negligently and carelessly mistreated her in this, to-wit: That he carried her to Terre Haute, Indiana, stopped his train a half mile from the depot and there angrily and roughly ordered plaintiff from said train, and hurriedly removed her therefrom at 2 o'clock in the morning, forced her to get off, etc.

It has been the subject of much discussion as to what the true theory of the complaint is, and it has even been charged that it is bad because it has no theory. But the statute does not make the want of a theory in a complaint a ground of demurrer, but a want of sufficient facts is the only defect in that direction which the statute makes a ground of demurrer. If facts sufficient to constitute a cause of action are

stated in the complaint, it is difficult to see how a demurrer assigning want of sufficient facts could be sustained, because the theory of the complaint was not apparent, or because it is difficult to tell which of two theories is the true one where the complaint is so framed as to make either theory consistent therewith.

Such a defect would be uncertainty, the remedy for which is a motion to make more certain and not a demurrer.

But we find no great difficulty here in ascertaining the true theory of the complaint. The gist of the action is the alleged negligence in delivering to appellant the wrong ticket. Her allegations of her defective eyesight and her freedom from contributory negligence are sufficient to excuse her for failure to read her ticket, if indeed it would be negligence in any case for a passenger to fail to read his ticket. But the appellant is slow to say whether the complaint rests on the theory of the wrong in carrying her beyond her destination and rudely expelling her in the night at an unsuitable place, or for the wrong in delivering to her the wrong ticket.

But let us inquire whether either paragraph is good on the latter theory, or whether either states facts sufficient to make the appellee liable for her carriage beyond Greencastle and her final expulsion. If such carriage and expulsion form the gist of the action, then appellee's liability therefor cannot be aided or supplemented by the delivery of the wrong ticket. If such carriage and expulsion form the ground of the action, it was for the trespass and not for negligence, which is the theory outlined in the complaint.

At all events, she became a passenger on appellee's train, though she got there through a mistake of somebody. When she delivered her ticket to the con-

ductor she had paid her fare to Greencastle and no further. By mistake she remained on the train, and on the way from Greencastle to Terre Haute she learned of the mistake. She was still a passenger and entitled to be treated as such, though she was on the train beyond Greencastle by mistake. *Cincinnati, etc., R. R. Co.* v. *Carper*, 112 Ind. 26; *Columbus, etc., Ry. Co.* v. *Powell*, 40 Ind. 37.

But while the appellee owed her the duty of treating her as a passenger so as to entitle her to protection against the negligence of the company, she also owed the duty to the company of treating it as a common carrier.

If there was no other relation created by the circumstances, as we shall see when coming to consider the sale of the ticket, than that of passenger and carrier, then the appellee, as a carrier, was entitled to compensation for carrying appellant beyond Greencastle, the failure to pay which on demand would justify the company in putting her off the train at any reasonable place. *Chicago, etc., R. R. Co.* v. *Bills*, 104 Ind. 13; *White* v. *Evansville, etc., R. R. Co.*, 133 Ind. 480, and authorities cited; *Sage* v. *Evansville, etc., R. R. Co.*, 134 Ind. 100.

A passenger who fails and refuses to pay his fare has no right to demand to be carried to a station before the company may rightfully put him off or eject him from the train. *White* v. *Evansville, etc., R. R. Co., supra.*

The averment that the conductor negligently and carelessly mistreated appellant in carrying her to Terre Haute, and stopped a half mile from the depot, and roughly ordered her from said train, and hurriedly removed her therefrom, and forced her to get off, etc., does not put the conductor in the wrong, unless his

company was liable for the delivery of the wrong ticket. Because it is nowhere alleged that she had conformed to the rules of the company, or that she had paid her fare, or offered to do so, without which the conductor had the right to put her off. *Chicago, etc., R. R. Co.* v. *Bills, supra; White* v. *Evansville, etc., R. R. Co., supra.*

That she was forced to get off may have been rendered necessary by her refusal to pay fare or get off voluntarily on request, or otherwise failing to comply with the regulations of the appellee. If so, the conductor was justified. The presumption is against misconduct, and that presumption prevails in favor of the conductor until it is overcome by such allegations as put him in the wrong. *Chicago, etc., R. R. Co.* v. *Bills, supra; White* v. *Evansville, etc., R. R. Co.*

So that it appears that the true theory of both paragraphs of the complaint is that the gist of the action is the negligence in delivering the wrong ticket.

Nor is this conclusion obviated by the averments "that after she purchased said ticket and the same was delivered to her, the defendant's * * servants * * carelessly and negligently ordered, directed and caused * * plaintiff * * to enter one of defendant's passenger trains," because there is no averment that such servants had any knowledge that she did not desire to take passage on the train indicated by the ticket she held. So these averments, like those as to her carriage beyond Greencastle and expulsion, have no force in showing a liability on the part of appellee, unless they derive such force from the allegations of negligence in the delivery of the wrong ticket.

And even then they will derive no force from those allegations as against appellee, unless such allegations connect the appellee with the alleged negligence in the sale of the ticket.

Such connection must depend upon the question whether the appellee in such sale owed the appellant any duty, and whether the facts alleged show that the appellee was guilty of a breach of that duty.

That there is negligence shown by both paragraphs in the delivery of the wrong ticket, may be conceded, and that the appellant is shown therein to be free from contributory negligence in relation thereto, may also be conceded. But the question remains, whose negligence was it? It is settled law, as was said in *Faris* v. *Hoberg*, 134 Ind., at page 274, that: "In every case involving actionable negligence, there are necessarily three elements essential to its existence: 1. The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; 2. A failure by the defendant to perform that duty; and 3. An injury to the plaintiff from such failure of the defendant."

Both paragraphs show that appellant applied to the ticket agent to purchase a ticket over the Vandalia to Greencastle. They both show that he was duly authorized by the Vandalia as its agent to sell such tickets. Therefore, on such application and request, and on payment of the regular ticket fare as shown in both paragraphs, a duty arose on the part of the agent of the Vandalia and the Vandalia itself to deliver to appellant a ticket over its road to Greencastle. It failed to do so, and therefore was guilty of a breach of the only duty that was created by the circumstances. It was as the agent of the Vandalia that he was applied to for a ticket over that road, it was as the agent of the Vandalia that he negligently failed to deliver such ticket, and therefore the breach of duty shown was a breach of the duty that the Vandalia owed to the appellant. The application and request, accompanied by payment, for a ticket over the

Vandalia created or laid no duty on the appellee of any kind whatsoever; and therefore, if the agent, in issuing the ticket over appellee's road was acting within the scope of his authority as the agent of appellee, which may admit of doubt under the circumstances, yet it was no breach of duty owed by appellee to appellant, because appellee owed her no duty, and had no power to perform the duty, for the breach of which she complains, namely the failure to issue to her a ticket over the Vandalia. See *Atchison, etc., Co.* v. *Cochran,* 41 Am. and Eng. R. R. Cases, 48 (7 L. R. A. 414); *Isaacson* v. *New York, etc., R. R. Co.,* 16 Am. and Eng. R. R. Cases, 188.

It follows from what we have said, that the facts alleged concerning the sale of the ticket have no influence on the facts occurring afterwards, and that all of the facts stated as occurring thereafter create no other relation between the parties to this action, and impose no other duties than those reciprocal obligations ordinarily existing between carrier and passenger.

For the reason given, both paragraphs of the complaint are bad, and the circuit court correctly sustained the demurrer thereto.

Judgment affirmed.

Filed March 4, 1896.