HATFIELD *v.* CHENOWITH ET AL., TRUSTEES.

[No. 2,987. Filed Jan. 10, 1900. Rehearing denied March 16, 1900.]

VERDICT.—*Special Finding.—Conflict.—Attorney's Fees.—Donation of Services.*—In an action by an attorney for services rendered a church the defendant answered that prior and subsequent to the rendition of the services plaintiff volunteered and offered his services gratuitously. The jury found in answer to an interrogatory that there was no evidence that plaintiff at or prior to the time of his employment agreed to perform the services gratuitously, and in answer to another interrogatory found that plaintiff donated his fees to defendant after the rendition of the services. *Held*, that the finding was not in irreconcilable conflict with the general verdict for defendant. *pp. 343-347.*

INSTRUCTIONS.—*Oral Statement.*—A statement by the court directing the jury to return to their room and answer certain interrogatories which were unanswered, if there was any evidence relating to the facts sought to be elicited by the questions, and if there was no evidence, they might return as their answers that there was no evidence, was not an instruction in such sense as to constitute reversible error, where request had been made for all instructions to be given in writing. *pp. 347-349.*

APPEAL AND ERROR.—*Instructions.—Joint Assignment.—Failure to Discuss.*—Where the exception to a series of instructions is joint, and two of the instructions are not discussed, the assignment will not prevail. *pp. 349, 350.*

From the Huntington Circuit Court. *Affirmed.*

*J. T. Alexander, M. L. Spencer* and *W. A. Branyan,* for appellant.

*J. C. Branyan, J. S. Branyan* and *J. Q. Cline,* for appellees.

WILEY, C. J.—Appellant was plaintiff below, and sued to recover for services rendered as attorney in a series of litigations in which appellee church was a party. In such litigation, extending through a number of years, appellant appeared as attorney for the church, and rendered valuable services for it. Appellant was a member of the church, and also one of the board of trustees. To the complaint appel-

lees answered in four paragraphs: (1) A general denial; (2) a plea of payment; (3) the statute of limitations; (4) that prior and subsequent to the rendition of the services by appellant, he volunteered and offered his services gratuitously; that he agreed to perform such services free of charge, and that it was upon that condition that appellees accepted said services, and that, after all of said services were performed, appellant informed appellees that they did not owe him anything therefor. To the affirmative paragraphs of answer appellant replied by a general denial. The case was tried by a jury, resulting in a general verdict for appellees. With the general verdict, the jury found specially as to certain facts by way of answers to interrogatories. Appellant's motions for judgment on the answers to interrogatories notwithstanding the general verdict, and for a new trial, were overruled, and such adverse rulings are the only errors assigned. We will consider the action of the court in overruling these motions in the order stated.

The facts specially found are as follows: That the board of trustees of the United Brethren in Christ Church employed appellant to perform certain legal services; that under such employment appellant performed such services; that the board of trustees had knowledge of the fact, and were advised by appellant of the different steps in the progress of the litigation; that appellant agreed with the board of trustees to "devote his services free of charge to said church"; that the board of trustees have sole charge and control of the church property; that the services of appellant for appellees ended July 1, 1896; that the value of the services so rendered by appellant was from $500 to $700; that, after said services were all rendered, appellant donated all his fees to appellees, and so settled with appellees' official board. The following questions and answers we quote in full: "(4) Did plaintiff, at or prior to the time of his employment, agree with the board of trustees of the United Brethren in Christ Church to render his services as attorney

free of charge?" A. "No evidence." "Did the plaintiff, * * * after July 1, 1896, or on that day, agree with any one to donate his services to the defendant, and, if so, with whom was such agreement made, and where?" A. "No evidence."

Appellant urges that the special finding of facts is inconsistent with the general verdict, and that judgment should have been rendered for him thereon. It is insisted that it was incumbent for appellant to show that he had rendered the services for which he sued, that such services were of some value, and that he had not been paid therefor. Upon these propositions the general verdict is against him, while he urges that the special finding of facts is with him, and to that extent there is an irreconcilable conflict between the general verdict and the special findings. It is argued by appellant that under the fourth paragraph of answer it was required of appellees to establish the fact charged therein that the services of appellant were to be, and were in fact, rendered gratuitously, while the answer to question four, above quoted, specifically shows that no such agreement was ever made. Referring to, without quoting, question four, we find that the jury, in answer thereto, say there was no evidence that at the time of his employment, or prior thereto, appellant agreed to perform such services free of charge. It is argued that this answer was equivalent to an unqualified negative. If we were left to this answer alone, we would have to conclude that the special findings failed to show any agreement on the part of appellant to perform the services gratuitously, and to this extent the special findings would be in conflict with the general verdict. But there are other findings which establish the fact that appellant agreed to perform the services free of charge. Question five and answer are as follows: "(5) Did the plaintiff at any time agree with the board of trustees of the United Brethren in Christ Church to donate his services free of charge to said church? A. Yes." Also the following: (1)

"Were all the services rendered by Hatfield agreed by him to be free of charge? A. Yes." (2) "After the services were all rendered, did Hatfield * * * donate all his fees to defendant, and so settle with defendant's official board? A. Yes." These latter questions and answers are not in conflict or inconsistent with question four and answer. It will be observed that question four seeks to establish the fact that appellant "at or prior to" the time of his employment agreed to perform the services gratuitously, and as to those particular times the jury answer that there was no evidence. That he did, at some time other than that specified in question four, agree to perform the services free of charge, is specifically found by answer to question one, quoted; and that he did donate all "his fees" to appellant, and so settle with its official board, is established by answer to question two. That an attorney may perform professional services for his client gratuitously, we have no doubt, and both the general verdict and the facts specially found establish the fact that in this instance, appellant did so perform the services for which he sues. Upon this question the general verdict and the answers to interrogatories are in harmony, and it was not error to overrule appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict.

Appellant's motion for a new trial was based upon seven reasons: (1) That the verdict was not sustained by sufficient evidence; (2) that the verdict was contrary to law; (3) that the answers to interrogatories four and eight are contrary to law; (4) that the answer to interrogatory ten is not sustained by sufficient evidence; (5) that the answers to interrogatories one, two, and three, propounded by appellee, are not sustained by sufficient evidence; (6) that the court erred in giving instructions fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, and twenty-one, asked by appellee, and (7) that the court erred in orally instructing the jury, after it had returned a general verdict, and an-

swered all the interrogatories but four and eight, that they should return to their jury room, and, if there was any evidence on the matter embraced in said questions, that it was their duty to answer them, but, if there was no evidence, they might answer that there was no evidence on the subject.

As to the sufficiency of the evidence to support the general verdict and the answers to the interrogatories mentioned in the motion for a new trial, it is sufficient to say that there is an abundance of evidence upon which the general verdict and the particular answers referred to can rest. On cross-examination, appellant testified that he stated to the board of trustees "again and again" that it was not his purpose to demand payment for what was due him. By the evidence of at least nine other witnesses it was shown that such services were to be gratuitous. So, upon the pivotal question as to whether appellant's services were to be gratuitous, the overwhelming evidence supports the general verdict and the answers to interrogatories upon that point.

Appellant next discusses the seventh reason assigned for a new trial. The record shows that when the verdict was returned, and it was found that two of the interrogatories had not been answered, the appellant moved that the jury be required to return to their room, and answer the remaining interrogatories. This motion the court sustained, and orally stated to the jury, in substance, that, if there was any evidence relating to the facts sought to be elicited by questions four and eight, they should answer them; but, if there was no evidence, then they might return as their answer that there was no evidence. It is argued that this was an oral instruction, and, as a request had been made at the proper time that the court instruct the jury in writing, it was reversible error to give such oral instruction. If it can be said that this was an instruction within the meaning of the term, it was error to give it, for it is well settled that where the proper request has been made for all instructions to be given in writing, it is error to give oral instructions.

*Littell* v. *State*, 133 Ind. 577; *Smurr* v. *State*, 88 Ind. 504; *Provines* v. *Heaston*, 67 Ind. 482; *Hopt* v. *People*, 104 U. S. 631; *Stephenson* v. *State*, 110 Ind. 358.

In our judgment, however, the statement orally made to the jury by the court can not be regarded as an instruction within the meaning of the statute and the law. The jury were merely directed to return to their jury room, and answer the two questions, if there was any evidence from which they could answer them, and, if there was no evidence, they might so state. In doing this, the court did not state any proposition of law nor tell the jury anything touching the merits of the case.

In *Lehman* v. *Hawks*, 121 Ind. 541, it was said: "Literally, the word 'instruction' may apply to any direction given to the jury by the court, but as used in the statute making it incumbent on the court to reduce its instructions to writing, it relates to the law of the case, and may properly be said to mean an exposition of the principles of the law applicable to the case, or some branch or phase of the case which the jury are bound to apply in order to render a verdict establishing the rights of the. parties in accordance with the facts proved." Directions given to the jury by the court in regard to answering interrogatories have been held not to be instructions such as are required to be in writing. *Trentman* v. *Wiley*, 85 Ind. 33; *Lehman* v. *Hawks, supra*.

In *McCallister* v. *Mount*, 73 Ind. 559, it was said: "A direction to retire with their bailiff; to separate for their meals; to seal up their verdict; to abstain from talking among themselves or with others; to sign their general verdict or to answer interrogatories, are not instructions within the meaning of the law."

In *Stanley* v. *Sutherland*, 54 Ind. 339, it was held that a statement by the court to the jury that certain evidence would have no bearing on the case unless the plaintiff was in some way connected with it, or the facts brought to his knowledge, was not an instruction within the meaning of the statute requiring instructions to be given in writing.

In *Herron* v. *State*, 17 Ind. App. 161, it was held that where the jury had already been instructed as to the punishment they might inflict if they found the defendant guilty, a statement by the court, setting out the forms of verdict they might return, was not an instruction within the meaning of the law. See, also, *Bradway* v. *Waddell*, 95 Ind. 170.

In *Collins* v. *Williams*, 21 Ind. App. 227, it was held that, where there was a request for written instructions, it was not error to read to the jury the pleadings in the cause, and to state which paragraphs of complaint or answer the answer and reply were intended to meet. These authorities settle the question against appellant, and we must so hold.

But appellant insists that it was not only error to give the instruction orally, but that the instruction itself was erroneous. We cannot agree with this insistence. We are unable to see any error in it, and appellant has not suggested any tenable objection to it.

Appellant next discusses alleged errors in giving certain instructions. As we have seen, the sixth cause assigned for a new trial is that the court erred in giving instructions fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, and twenty-one, asked by defendant. Under the well settled rule in this State, as the exceptions to the instructions are joint, there is no available error presented if any of the instructions challenged are good. In *Douglass* v. *State*, 18 Ind. App. 289, Robinson, J., plainly stated the rule as follows: "It is well settled in this State that where a series of instructions are assailed collectively in a motion for a new trial, all the instructions in the group must be bad or the assignment will not prevail." See, also, *State* v. *Gregory*, 132 Ind. 387; *Hannan* v. *State*, 149 Ind. 81; *Mock* v. *City of Muncie*, 9 Ind. App. 536; *Kelly* v. *John*, 13 Ind. App. 579.

Two of the instructions referred to, fifteen and twenty-one, counsel for appellant have not discussed, and tacitly, at

least, concede their correctness. On examination of these two instructions, we are led to the conclusion that they each correctly stated the law as applied to the facts. In the twenty-first instruction the jury were told that they were the judges of the credibility of witnesses and of all the facts in the case. They were also told what they might consider in determining what credence they might give to the evidence of witnesses; that they were not to be governed by anything but the testimony and the law; that it was their duty to find the facts under the evidence; that they could not make or unmake any contract between the parties; and that it was their to duty to find what the contract was, if any, and so declare by their verdict. By instruction fifteen the jury were told that there was no evidence given under the plea of payment, and that they need not consider that plea. There was no evidence of payment under the second paragraph of answer, and it was proper for the court so to state. This instruction was favorable to appellant, and in fact he does not complain of it. If other instructions in the series complained of are erroneous, the error is not available under the rule above stated.

Judgment affirmed.