INDIANAPOLIS & NORTHWESTERN TRACTION COMPANY v. HENDERSON.

[No. 5,820. Filed December 31, 1906.]

1. PLEADING.—Alternative Allegations.—Remedy.—Good pleading requires direct allegations of facts, but alternative allegations do not necessarily render a pleading bad on demurrer, the remedy, as a rule, being a motion to make more specific. p. 328.

2. SAME.—Construction.—Sufficiency on Demurrer.—A complaint is sufficient on demurrer if it states facts sufficient to authorize any relief whatever. p. 328.

3. SAME.—Complaint.—Damages.—Collisions.—Interurban Railroads.—A complaint showing that an interurban railroad company's track, "or the track" used by it, lies on a certain street; that plaintiff's horse shied and ran upon, "or near said track," and that while said horse was on "or near said track" defendant's employes who saw "or could have seen" said horse negligently ran defendant's car against said horse, thereby inflicting injuries to plaintiff's damage, states a cause of action. p. 328.

4. TRIAL.—Instructions.—Duties of Judge and Jury.—In a civil case, it is the duty of the judge correctly to instruct the jury as to the issues and the law in relation thereto; and it is the duty of the jury to be guided thereby. p. 329.

5. SAME.—Instructions.—Erroneous as to Plaintiff.—Defendant's Right to Object.—Defendant has no right to complain of an instruction that places the burden of proving unnecessary facts upon the plaintiff, such instruction evidently being to defendant's advantage. p. 329.

6. SAME.—Instructions.—Not Specific.—Remedy.—The giving of instructions which are correct statements of the law so far as they go, but which are unclear and not specific, is not erroneous, the remedy being to ask for further instructions. p. 329.

Indianapolis, etc., Traction Co. *v.* Henderson—39 Ind. App. 324.

7. TRIAL.—*Instructions.—Damages.—Ascertainment of.*—An instruction that the verdict should be for a sum sufficient to compensate plaintiff for his pecuniary loss, not to exceed the demand, is not erroneous where the elements of the damage and the proof necessary to establish same are properly outlined in other instructions. *Chicago, etc., R. Co.* v. *Thrasher,* 35 Ind. App. 58, overruled. p. 330.

8. SAME.—*Instructions.—Forms of Verdict.—Statutes.*—A direction to the jury as to the forms of verdict is not an instruction within the meaning of §544a Burns 1905, Acts 1903, p. 338, §1, requiring all instructions given to be in writing. p. 331.

9. SAME. — *Negligence. — Interurban Railroads.—Ownership.— Operation of Cars.—Burden of Proof.*—In an action for damages against an interurban railroad company, the burden is upon plaintiff to show that the defendant company owned or operated the road and that the employes in charge of the car were defendant's employes. p. 331.

10. SAME. — *Evidence. — Sufficiency of, to Show Defendant's Operation of Interurban Railroad.*—Where there is evidence to show that a certain track, on which the injury sued for occurred, was used by defendant; that the car causing the injury was in charge of a motorman and conductor; that the conductor ran defendant's first car on such track and at the time of the trial was employed by "defendant company;" that at the time of the accident he made a report thereof according to "the rules of the company," a verdict that such accident was caused by defendant is warranted. p. 331.

11. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence. p. 333.

12. SAME.—*Right Result.*—Where a correct result on the merits is reached by the trial court, its judgment will not be reversed. p. 333.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by Charles H. Henderson against the Indianapolis & Northwestern Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Pierre Gray,* for appellant.

*Charles E. Thompson* and *Jacob B. Cunningham,* for appellee.

Myers, C. J.—Appellee begun this action against appellant to recover damages for injuries to his horse and buggy, as a result of a collision with one of its cars. The complaint on which the cause was tried is in two paragraphs. The first exhibited a state of facts in substance showing that on July 14, 1904, appellee was the owner of a horse, averred to be gentle and city broke; that while driving said horse, hitched to a buggy, along Dayton avenue, in the city of LaFayette, and from one hundred fifty to two hundred fifty feet distant from, and directly in front of, one of appellant's approaching electric cars, said horse became, through fright, beyond appellee's control; that he was then and there on or near the railroad track on which said car was being operated, and was in a perilous situation; that he was at the time in plain view of the motorman in charge of the car, who saw him, or by the exercise of due care and diligence could have seen him, in time to stop the car, and who knew that unless the car was stopped the same would come in contact with and run against said horse; that appellant, in disregard of its duty to stop the car and thereby avoid the injury complained of, by its agents and servants in charge of said car, and while engaged in the line of their employment, and without any fault or negligence of appellee, carelessly and negligently ran said car on and against appellee's horse and buggy, knocking the horse down and breaking the buggy, causing injuries to each, to appellee's damage in the sum of $350. The second paragraph contains all the facts averred in the first, but in greater detail, except that it omits to aver that appellant's said servants at the time of the injury where then engaged in the line of their employment. But it does aver that "said defendant, through its agents and representatives in charge of said electric interurban car, could, by the exercise of due care and diligence, have stopped said car before coming in contact with said horse and buggy, but, on the contrary, said defendant, dis-

regarding its duties in that respect, carelessly and negligently ran said car against said horse," etc.   A demurrer to each paragraph for want of facts was overruled.   Answer in denial.   Trial by jury, and verdict for appellee in the sum of $150.   Motion for a new trial overruled, and judgment on the verdict.

The errors here assigned and not waived question the ruling of the court (1) in overruling the demurrer to each paragraph of the complaint; (2) in overruling appellant's motion for a new trial.

(I) Appellant insists that each paragraph of the complaint is insufficient, for the reason (1) that its material averments are in the alternative, and not direct and certain; (2) that the negligent acts are not charged as having been committed by it.   The material averments of these paragraphs, so far as they are affected by the questions presented on demurrer, are practically the same.   Therefore, to single out the averments about which there is contention, we have the following:   (a) "That in entering the city of LaFayette said company's track, or the track used by said defendant for that purpose, does now * * * lie and extend along * * * Dayton avenue," a public street in said city, and along which defendant operates its cars; (b) that "plaintiff's said animal shied to the south and ran upon the track of said defendant, or near to said track;" (c) "that at the time said animal shied and ran upon the track of said defendant, as aforesaid, and while said animal remained upon or near to said track, as aforesaid, said horse and buggy were immediately in front of said approaching electric car, and in plain view of the motorman in charge of said car, and that said motorman could and did see plaintiff's said horse upon said track, or by the exercise of due care and diligence could have seen said animal."

The rule is elementary requiring a party to state his cause of action by direct averments, and not by averments

in the alternative. The purpose of the rule is to
1. require certainty in pleadings (1 Chitty, Pleading,
*236, *237; *Wheeler* v. *Thayer* [1889], 121 Ind.
64, 67) ; but, unless the alternative averments are such as
to vitiate the complaint, it will not be held bad on demurrer
—the remedy, as a rule, being a motion to make more
specific.

In this jurisdiction a complaint is to be construed as a
whole, and if it contains facts enough, directly stated, to
authorize any relief, it will withstand a demurrer
2. for want of facts. *Scott* v. *Cleveland, etc., R. Co.*
(1896), 144 Ind. 125, 128, 32 L. R. A. 154;
*United States, etc., Invest. Co.* v. *Harris* (1895), 142 Ind.
226; *Gowdy Gas-Well, etc., Co.* v. *Patterson* (1902), 29
Ind. App. 261.

After an examination of the complaint now before us,
we are of the opinion that the alleged alternative averments
are not such as will vitiate the complaint, but, on
3. the contrary, it will be seen that in each instance
they refer to the same ultimate fact, each of which
is pertinent to the single cause of action. The complaint
is not subject to the criticism urged against it. *Hasberg* v.
*Moses* (1903), 81 Hun, App. Div., 199, 80 N. Y. Supp.
867; *Floyd* v. *Patterson* (1888), 72 Tex. 202, 10 S. W.
526, 13 Am. St. 787; *Continental Tobacco Co.* v. *Campbell* (1903), 25 Ky. Law 569, 76 S. W. 125. See, also,
*Kalen* v. *Terre Haute, etc., R. Co.* (1897), 18 Ind. App.
202, 63 Am. St. 343; note to *Munn* v. *Cook* (1890), 24
Abb. N. C. 314, 8 N. Y. Supp. 698; *Mullin* v. *California
Horseshoe Co.* (1894), 105 Cal. 77, 83, 38 Pac. 535; 6
Thompson, Negligence, (2d ed.), §7451. There is no merit
in the second objection urged against the complaint, as will
be seen from a synopsis of the complaint set out in this
opinion. The demurrer was properly overruled.

(II) Appellant assigns various reasons in support of
its motion for a new trial. Considering these reasons in

the order argued, it is first insisted that the jury were erroneously instructed as to the law of the case.    Upon an examination of the instructions challenged by appellant, we find that by instruction two the court, in stating the contents of the complaint, included facts additional to those therein found.    By the fifth instruction the jury were told that, in order for plaintiff to recover in this action, it would be necessary for him to prove by the weight or preponderance of the evidence every material averment of his complaint.

This being a civil action, the jury were bound to take the law as given by the court, and it was the duty of the court correctly to state the issues.    *Nickey* v.

4.    *Dougan* (1905), 34 Ind. App. 601; *Kimble* v. *Seal* (1883), 92 Ind. 276, 284.

Grant that by instruction two appellee was made to assume the burden of proving unnecessary facts precedent to his right to recover in this action, this was a

5.    matter personal to him, and could not and did not prejudice appellant's defense.    While the action of the court may have been objectionable, it was clearly not prejudicial to any right of appellant, and is therefore not reversible error.    The objection pressed against the sixth instruction is that it states only an abstract definition of "care and prudence."

As to the seventh instruction, it is argued that it is erroneous for the reason that it does not define the duty owing by one party to the other, and contains only

6.    a statement partial to appellee on the question as to what each must do, or not do, to avoid being guilty of negligence; that it does not "accurately and sufficiently define contributory negligence," and does not require the jury to assess damages with reference to the evidence in the cause.    It will be seen that these objections, except the last, when applied to these instructions, are not

330    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. *v.* Henderson—39 Ind. App. 324.

made to depend upon an incorrect statement of the law, but upon a lack of specificness and clearness, thereby rendering them misleading. Whatever virtue there may be in appellant's contention in this regard, under the settled rules of law, its remedy was to ask for further instructions. *Cincinnati, etc., R. Co.* v. *Smock* (1893), 133 Ind. 411; *Crum* v. *State* (1897), 148 Ind. 401; *Pope* v. *Branch, etc., Sav. Bank* (1899), 23 Ind. App. 210; *Island Coal Co.* v. *Neal* (1896), 15 Ind. App. 15.

Considering the latter objection, that part of the instruction about which complaint is made reads as follows:

"And your verdict should be in such sum as will
7. compensate him for the pecuniary loss, if any, he
    has suffered by reason of the accident, not to exceed the amount of the demand, $350." The instructions in this case bear evidence of hurried preparation; but, when considered as a whole and read in the light of the issues, evidence, and verdict of the jury, we cannot say that this instruction is not within the law of this jurisdiction, relevant to the issues, pertinent to the evidence, and, in view of the verdict, understood by the jury. While it would be preferable that the jury be cautioned in cases of this character, upon a finding for plaintiff, to assess such sum only as will in their judgment, under the evidence, fully compensate him, yet under the rule and principle announced in *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409, 428, 434, and *City of Indianapolis* v. *Scott* (1880), 72 Ind. 196, it must be taken as the law in this State that the instruction before us, when considered in connection with an instruction enumerating certain matters forming the elements of damages and material averments which plaintiff must prove by a preponderance of the evidence in order to recover, does not constitute reversible error. *Chicago, etc., R. Co.* v. *Butler* (1894), 10 Ind. App. 244. Our conclusion on this question being in conflict with the same question decided in *Chicago, etc., R. Co.*

NOVEMBER TERM, 1906.          331

Indianapolis, etc., Traction Co. v. Henderson—39 Ind. App. 324.

v. *Thrasher* (1905), 35 Ind. App. 58, to that extent that case is overruled.

It is further insisted that instructions nine and ten, regarding the forms of verdict, are erroneous, because they are incomplete and not fully in writing, as required by the act of March 9, 1903 (Acts 1903, p. 338, §1, §544a Burns 1905). A direction to the jury as to the form of their verdict is not an instruction, and therefore not within said act. *Bradway* v. *Waddell* (1884), 95 Ind. 170; *Hatfield* v. *Chenowith* (1900), 24 Ind. App. 343; *Herron* v. *State* (1897), 17 Ind. App. 161.

To sustain this appeal, appellant claims that there is no evidence in the record showing that at the time of the accident "the conductor or motorman was in the employ of defendant, or that either was then engaged in the services of the defendant, within the scope of such employment, or that the car which struck the horse was owned or operated by defendant, or that the track on which said car was run was owned by defendant." These were material averments which the jury were told that plaintiff must prove by a preponderance of the evidence to entitle him to recover. Without some evidence tending to support these averments, or from which inferences of fact might properly be drawn supporting the ultimate facts to be found, the objection would be well taken and the question of the sufficiency of the evidence to support the verdict would be one of law, for the court on appeal. *Elkhart Paper Co.* v. *Fulkerson* (1905), 36 Ind. App. 219; *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462.

The record shows that during the trial of this cause the parties agreed that on July 14, 1904, Dayton avenue in the city of LaFayette was a public street, "and was used by the defendant company on that day, and prior to that day, with its tracks over which to run

its cars in and out of the city of LaFayette." It also appears from the evidence that the accident occurred on Dayton avenue about 5 :30 o'clock on the evening of that day, and was caused by a collision between an interurban car and appellee's horse; that the car was in charge of a motorman and a conductor; that the motorman was operating the machinery of the car at the time of the accident, and the conductor was engaged in collecting fares or tickets from passengers; that the motorman operating the car at the time of the accident ran the first car into LaFayette for the company, and the fair inference to be drawn from his evidence is that he continued to run cars into that city for the defendant until August after the accident, when he began running cars for the Northwestern .Traction Line, between Lebanon and Crawfordsville. The testimony of George Lewis shows that at the time of the trial he was in the employ of the defendant, and at the time of the accident was conductor on the interurban car which collided with appellee's horse, and at that time made a memorandum of appellee's name and time of the accident, in accordance with "one of the rules of the company," and after a stop of about ten minutes proceeded with the car to Indianapolis.

Phases of the question now under consideration were discussed by the court in *Evansville, etc., R. Co.* v. *Snapp* (1878), 61 Ind. 303, and in *Evansville, etc., R. Co.* v. *Smith* (1878), 65 Ind. 92. The language used by the court in those cases in many respects applies here in support of the judgment in the case at bar. While the evidence in this case displays a want of care in proving the facts in question, facts ordinarily susceptible of ready proof, yet, as a matter of law, we cannot say from all the evidence that the jury were not warranted in drawing inferences authorizing the finding of all the material facts necessary to support their verdict.

Considering the entire record, this question depends on the weight of the evidence, which is exclusively for the jury and trial court. *Cincinnati, etc., R. Co.* v. *Madden, supra; Parkison* v. *Thompson* (1905), 164 Ind. 609; *Smith* v. *Smith* (1905), 35 Ind. App. 610.

From an examination of the entire record in this case, we believe the cause was fairly tried upon its merits, and a judgment rendered reasonably warranted by the evidence.

Judgment affirmed.